17 F.3d 1487
 305 U.S.App.D.C. 134
 BELLSOUTH CORPORATION, Bellsouth Enterprises, Inc., and
Mobile Communications Corporation of America, Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION, Respondent.
FREEMAN ENGINEERING ASSOCIATES, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION, Respondent.
FREEMAN ENGINEERING ASSOCIATES, INC., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 Nos. 93-1518, 93-1519 and 93-1520.
 United States Court of Appeals,
District of Columbia Circuit.
 March 15, 1994.
 
 Appeal from an Order of the Federal Communications Commission.
 Harold Mordkofsky and Robert M. Jackson, Washington, DC, for petitioner/appellant Freeman Engineering Associates, Inc.
 John E. Ingle, Deputy Associate General Counsel, Federal Communications Commission, Washington, DC, for respondent/appellee.
 Before SILBERMAN, BUCKLEY, and GINSBURG, Circuit Judges.
 Opinion for the Court filed by Circuit Judge GINSBURG.
 GINSBURG, Circuit Judge:
 
 
 1
 Freeman Engineering Associates, Inc., a disappointed applicant for a pioneer's preference in a Federal Communications Commission licensing proceeding, both appealed from and petitioned for review of an FCC order granting Mobile Telecommunications Technologies Corporation (Mtel) a pioneer's preference for a variety of two-way services in a single 50 Khz channel. We consolidated those two cases with a petition filed by Bellsouth Corporation, and as explained below, we now dismiss both Freeman's appeal and its petition as incurably premature.
 
 I. Background
 
 2
 Freeman Engineering Associates, Inc. sought a pioneer's preference with the FCC for the provision of communications services to hearing impaired subscribers in the 930-931 MHz band in the New Orleans and Baton Rouge, Louisiana markets. The FCC denied that request in the same order in which it granted a pioneer's preference to Mtel. See Amendment of the Commission's Rules to Establish New Narrowband Personal Communications Services, First Report and Order, Gen. Docket No. 93-329, 8 FCC Rcd. 7162 (released July 23, 1993).
 
 
 3
 Freeman simultaneously asked the FCC to reconsider the decision denying it a pioneer's preference and asked this court to review the FCC's decision granting a pioneer's preference to Mtel. The FCC now moves for dismissal of Freeman's appeal and petition in this court on the ground that they are premature because Freeman's request for reconsideration is pending before the agency.
 
 II. Analysis
 
 4
 The FCC's motion to dismiss Freeman's cases is based upon our decision in United Transportation Union v. ICC, 871 F.2d 1114, 1116 (D.C.Cir.1989), in which we held that a party's filing a petition for reconsideration before an agency "render[s] the underlying agency action nonfinal (and hence unreviewable) with respect to th[at] party." In opposition Freeman argues that although its requests for FCC reconsideration and for judicial review arise from the same agency order, the petition for reconsideration does not deprive this court of jurisdiction because the grant of a preference to Mtel and the denial of a preference to Freeman are "separate adjudications." Freeman's petition for reconsideration, that is, "does not encompass the 'challenged action' ... which is the subject matter of the proceedings in this Court." More simply put, Freeman does not think that it should have to wait to get judicial review merely because the FCC chose to resolve in one order two independent requests for preferential treatment.
 
 
 5
 Freeman's attempt to place its cases outside the rule against simultaneous judicial review and agency reconsideration is initially attractive but ultimately unavailing. Even a modicum of concern for judicial economy militates strongly against concurrent review in this recurring situation. See Outland v. CAB, 284 F.2d 224, 227-28 (D.C.Cir.1960) ("When the party elects to seek a rehearing there is always a possibility that the order complained of will be modified in a way which renders judicial review unnecessary."). Indeed this case is the very model of an invitation to waste judicial resources: if the FCC were upon reconsideration to grant Freeman the pioneer's preference it seeks, then Freeman would have no, or a substantially diminished, interest in appealing the FCC's grant of a preference to Mtel.
 
 
 6
 As the FCC explained in the order that Freeman seeks to challenge, a license applicant that is granted a pioneer's preference "will be placed on a pioneer's preference track, not subject to competing applications, and if otherwise qualified will receive a license. Other applicants will compete for remaining licenses in the normal licensing process." 8 FCC Rcd. at 7172. As we understand that, if the FCC were upon reconsideration to grant Freeman a pioneer's preference, and both Mtel and Freeman are otherwise qualified (and there are allocations enough to accommodate two pioneers), then both applications will be granted. Mtel's application for a license would no longer have a competitive advantage over Freeman's in the scramble for a scarce resource, and Freeman would have no interest in (and perhaps no standing to pursue) judicial review of the grant to Mtel.
 
 
 7
 It is widely accepted that "finality with respect to agency action is a party-based concept." See United Transportation Union, 871 F.2d at 1118 (quoting West Penn Power Co. v. EPA, 860 F.2d 581, 586 (3d Cir.1988)); Wade v. FCC, 986 F.2d 1433 (D.C.Cir.1993); Winter v. ICC, 851 F.2d 1056, 1062 (8th Cir.1988). Therefore, a party that stays before an agency to seek reconsideration of an order cannot at the same time appear before a court to seek review of that same order, any more than the party could literally be in two places at the same time. Or from another perspective, an agency action cannot be considered nonfinal for one purpose and final for another. See United Transportation Union, 871 F.2d at 1117-1118; West Penn Power, 860 F.2d at 585; Winter, 851 F.2d at 1062. Thus, once a party petitions the agency for reconsideration of an order or any part thereof, the entire order is rendered nonfinal as to that party. The alternative presents too great a risk of wasting judicial resources without creating any significant benefit.
 
 
 8
 Freeman also argues that if it were to wait for the FCC to act upon its petition for rehearing before seeking review of the FCC's grant of a pioneer's preference to Mtel, then its petition for review would be dismissed as untimely as to the Mtel issue. Not so. For, as we have said, Freeman's petition for reconsideration in part rendered the agency order nonfinal in its entirety (as to Freeman). When the agency acts upon the petition for reconsideration, Freeman may timely seek judicial review of any part of its final order.
 
 III. Conclusion
 
 9
 Because Freeman's petition for reconsideration of the FCC's order denying Freeman a pioneer's preference is currently pending before the agency, its appeal from and petition for review in this court of the same order insofar as it grants a pioneer's preference to Mtel are incurably premature. Freeman's appeal and petition, therefore, are
 
 
 10
 Dismissed.