28 F.3d 1295
 307 U.S.App.D.C. 428
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
KCS ENERGY MARKETING, INC., Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
 No. 94-1348.
 United States Court of Appeals, District of Columbia Circuit.
 June 30, 1994.
 
 Before: WALD, RANDOLPH and ROGERS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion of respondent Federal Energy Regulatory Commission to dismiss petition for review, and the opposition thereto; and the motion of KCS Energy, Inc. to hold in abeyance the pending petition for review, and the opposition thereto, it is
 
 
 2
 ORDERED that the motion to dismiss be granted. Because petitioner sought rehearing of the order which it seeks to have this court review, the order is nonfinal and the petition for review is "incurably premature." TeleSTAR, Inc. v. FCC, 888 F.2d 132, 134 (D.C.Cir.1989) (per curiam). In seeking rehearing, petitioner rendered the entire order nonfinal. Cf. Bellsouth Corp. v. FCC, 17 F.3d 1487, 1489-90 (D.C.Cir.1994) ("[A]n agency action cannot be considered nonfinal for one purpose and final for another. Thus, once a party petitions the agency for reconsideration of an order or any part thereof, the entire order is rendered nonfinal as to that party."). Once respondent has decided petitioner's request for rehearing, petitioner may seek judicial review of that order as well as the orders at issue here. See Tennessee Gas Pipeline Co. v. FERC, 9 F.3d 980, 981 (D.C.Cir.1993) (per curiam). It is
 
 
 3
 FURTHER ORDERED that the motion to hold in abeyance be denied.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41.