**GRACEBA TOTAL COMMUNICATIONS, INC., Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents,**

**Ad Hoc IVDS Coalition, et al., Intervenors.**

**Nos. 95–1599, 96–1003 and 96–1004.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 17, 1997.

Decided June 20, 1997.

Before WILLIAMS, SENTELLE and TATEL, Circuit Judges.

Opinion for the Court by Circuit Judge TATEL.

TATEL, Circuit Judge:

Graceba Total Communications, Inc., petitions for review of a Federal Communications Commission order rejecting, among other claims, the company's constitutional challenge to a minority and gender preference rule employed in a license auction. Finding that the Commission erred in determining that Graceba's challenge to the rule was untimely, we remand the constitutional claim for further consideration.

I

In July 1994, the Federal Communications Commission conducted a live, open-outcry auction of licenses to provide interactive video data service (IVDS) in local telecommunications markets. Permitting two-way data transmission over the radio spectrum, IVDS technology supports such commercial applications as home banking and shopping. Under rules promulgated in May 1994, businesses owned by members of racial minorities or by women received a 25 percent "bidding credit" at the auction. *In re Implementation of Section 309(j) of the Communication Act—Competitive Bidding, Fourth Report and Order*, 9 F.C.C. Rcd. 2330, 2336–39 (1994); 47 C.F.R. § 95.816(d)(1) (1996). Although Graceba won the two licenses for which it competed, it did not qualify for a bidding credit because it was neither minority- nor woman-owned.

Richard S. Myers argued the cause for appellants. With him on the briefs was Timothy E. Welch.

Susan L. Fox, Counsel, Federal Communications Commission, argued the cause, for appellees. With her on the briefs were William E. Kennard, General Counsel, Daniel M. Armstrong, Associate General Counsel, C. Grey Pash, Jr., Counsel, Joel I. Klein, Acting Assistant Attorney General, U.S. Department of Justice, Robert B. Nicholson and Robert J. Wiggers, Attorneys.

After the Commission announced the auction results and the recipients of bidding credits in August 1994, Graceba petitioned for reconsideration, arguing that various auction practices had artificially inflated license prices. In February 1995, the Commission granted Graceba its two licenses. While Graceba's petition challenging the auction was still pending in June 1995, the Supreme Court decided *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 115 S.Ct. 2097, 132 L.Ed.2d 158 (1995), holding that all govern-

ment racial classifications—including those contained in federal programs designed to remedy race discrimination—are unconstitutional unless "they are narrowly tailored measures that further compelling governmental interests." *Id.* at 227, 115 S.Ct. at 2113. *Adarand* expressly overruled *Metro Broadcasting, Inc. v. FCC,* 497 U.S. 547, 110 S.Ct. 2997, 111 L.Ed.2d 445 (1990), where, using a more permissive standard, the Court had upheld the FCC's use of minority preferences in broadcast licensing. In an "Emergency Petition" to the Commission following *Adarand,* Graceba challenged the constitutionality of the IVDS auction's bidding credit rule, demanding a 25 percent reduction in the price of its licenses commensurate to that given minority- and women-owned businesses. Graceba stated that "the instant pleading should be considered in conjunction with [its earlier filed] *Petition for Reconsideration.*" Emergency Petition for Relief and Request for Expedited Consideration at 2 n.2.

In December 1995, the Commission denied both of Graceba's petitions, along with those filed by other IVDS auction bidders. *In re Interactive Video & Data Service (IVDS) Licenses—Various Requests by Auction Winners,* 11 F.C.C. Rcd. 1282 (1995). With respect to the constitutional claim that Graceba raised in its Emergency Petition, the Commission explained:

> To the extent Graceba now challenges the Commission's [bidding credit] rule ..., we find that Graceba's challenge is an untimely petition for reconsideration. Petitions for reconsideration must be filed no later than 30 days after public notice of a Commission action. Public notice of the Commission's adoption of the rule in question commenced on May 13, 1994. Thus, Graceba's challenge should have been filed by June 13, 1994. Graceba's challenge was not filed until July 11, 1995. In addition, Graceba's petition does not demonstrate why it requires financial assistance under our 25 percent bidding credit rule. For example, its petition contains no evidence that it has faced discriminatory financial barriers to entry into the telecommunications industry.

*Id.* at 1285 (footnote and citations omitted).

Renewing the arguments made in each of its petitions, Graceba now petitions this Court for review of the Commission's order. Community Teleplay, Inc., and the Ad Hoc IVDS Coalition, representing a group of IVDS auction participants, intervened in support of Graceba's constitutional challenge to the bidding credit rule. Because Community Teleplay and members of the Coalition have a petition still pending before the Commission raising an identical claim, however, they must await the conclusion of those proceedings before bringing their claims here. *See, e.g., Bellsouth Corp. v. FCC,* 17 F.3d 1487, 1489–90 (D.C.Cir.1994) (party that remains before agency cannot also bring challenge in court). Accordingly, although entertaining Graceba's petition, we dismiss those of intervenors. We must affirm the Commission's order unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (1994).

## II

■ The Commission's primary reason for denying Graceba's second petition—that Graceba did not file it within 30 days of the May 1994 promulgation of the bidding credit rule—cannot support the Commission's order. Because "administrative rules and regulations are capable of continuing application," limiting review of a rule to the period immediately following rulemaking "would effectively deny many parties ultimately affected by a rule an opportunity to question its validity." *Functional Music, Inc. v. FCC,* 274 F.2d 543, 546 (D.C.Cir.1958). For this reason, we permit both constitutional and statutory challenges to an agency's application or reconsideration of a previously promulgated rule, even if the period for review of the initial rulemaking has expired. *See, e.g., Public Citizen v. NRC,* 901 F.2d 147, 152 (D.C.Cir.1990); *NLRB Union v. FLRA,* 834 F.2d 191, 195–97 (D.C.Cir.1987); *Geller v. FCC,* 610 F.2d 973, 978 (D.C.Cir.1979); *Functional Music, Inc., supra.* The Commission applied the bidding preference rule in its July 1994 IVDS auction, announcing

which auction winners would receive bidding credits in an August 1994 order. Because Graceba was entitled to raise its constitutional claim in a petition challenging that order, the Commission erred in concluding that the claim was untimely simply because Graceba failed to raise it within 30 days of the agency's May 1994 rulemaking.

■ The Commission now maintains that 47 U.S.C. § 405, which imposes a time limit on petitions for reconsideration, precluded its consideration of Graceba's constitutional challenge because, although filed immediately after the Supreme Court decided *Adarand*, the petition was not brought within 30 days of any agency action, including public notice of the July 1994 auction results. However, not only does this reasoning appear nowhere in the Commission's order, *see Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168–69, 83 S.Ct. 239, 245–46, 9 L.Ed.2d 207 (1962) (court must consider reasons given by agency in its order, not by agency counsel), but "section 405 has never been construed to be an absolute bar on [agency] reconsideration of issues raised after thirty days." *Meredith Corp. v. FCC,* 809 F.2d 863, 869 (D.C.Cir.1987). Moreover, Graceba asked the Commission to consider its second petition "in conjunction" with its first, which was timely filed within 30 days of the August 1994 order. Because parties may supplement their pleadings in pending proceedings with agency approval, *see* 47 C.F.R. §§ 1.45(c), 1.106(f), the Commission clearly had the discretion to entertain Graceba's belated petition. *See Meredith,* 809 F.2d at 869.

■ We think the Commission exercised that discretion by going on to consider, though briefly, Graceba's claim that it was entitled to a 25 percent reduction in its license price. On that score, the Commission found that Graceba had failed to "demonstrate why it require[d] financial assistance under the 25 percent bidding credit rule." *In re Interactive Video Data Service (IVDS) Licenses,* 11 F.C.C. Rcd. at 1285. But because nothing in the bidding credit rule requires recipients of bidding credits to make individualized showings of financial need or discrimination, *see Fourth Report and Order,*

9 F.C.C. Rcd. at 2337–39; 47 C.F.R. § 1.2110(b) (defining businesses eligible for bidding credit), the absence of evidence of such hardships in Graceba's case, standing alone, cannot support the agency's decision.

■ Claiming that the IVDS auction and the IVDS licence grants were final long before the Supreme Court decided *Adarand* and Graceba filed its constitutional claim, the Commission now argues that its rejection of Graceba's second petition was "consistent with established principles of finality and retroactivity." Respondent's Br. at 25. Whatever the force of this reasoning, *compare Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 96, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993) (Supreme Court's interpretations of federal law "must be given full retroactive effect in all cases still open on direct review"), *with Reynoldsville Casket Co. v. Hyde,* 514 U.S. 749, 759, 115 S.Ct. 1745, 1751, 131 L.Ed.2d 820 (1995) (for various "well-established legal reasons," such as finality principles, retroactive application of new rule of law may not determine outcome of case), like so many of the Commission's arguments in its brief, it appears nowhere in the Commission's order. As the Supreme Court has made clear, we "may not accept appellate counsel's *post hoc* rationalizations for agency action," *Burlington Truck Lines* 371 U.S. at 168, 83 S.Ct. at 246, and are "powerless to affirm" agency action on "grounds [that] are inadequate or improper." *SEC v. Chenery Corp.,* 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947).

■ Because the Commission had a fair opportunity to consider Graceba's constitutional challenge, and because it did consider whether Graceba was entitled to the relief sought, we have jurisdiction to decide the issue ourselves regardless of whether the underlying petition suffered from procedural defects unaddressed by the agency. *See Meredith,* 809 F.2d at 869; *see also Washington Ass'n for Television & Children v. FCC,* 712 F.2d 677, 681 (D.C.Cir.1983). Rather than doing so, however, we will remand Graceba's claim to the Commission for further consideration, without expressing an opinion on its merits. The Commission has

an obligation to address properly presented constitutional claims which, like this one, do not challenge agency actions mandated by Congress. *See Meredith,* 809 F.2d at 872–74. Moreover, because this case raises questions about the finality of FCC licenses, fairness to auction participants not represented here, and other fact-specific, policy-laden concerns, we think its resolution would benefit from the agency's expertise.

### III

We have considered Graceba's non-constitutional arguments concerning the FCC's auction procedures, raised in its initial petition to the Commission, and find them without merit. Accordingly, the petition for review is granted in part and denied in part.

*So ordered.*