361 F.3d 517
 CALIFORNIA DEPARTMENT OF WATER RESOURCES, Petitioner,
Southern California Edison Company, Intervenor-Petitioner,
Public Utilities Commission of The State of California; Pacificorp, Intervenors-Respondents,
Southern California Edison Company, Intervenor,
Dynegy Power Marketing, Inc., Intervenor-Respondent,
El Segundo Power L.L.C.; Long Beach Generation L.L.C.; Cabrillo Power I L.L.C.; Cabrillo Power II L.L.C.; South Coast Air Quality Maintenance District, Intervenors,
Idacorp Energy L.P., Intervenor-Petitioner,
Coral Power L.L.C.; Constellation Power Source, Inc., Intervenors-Respondents,
Public Service Company of Colorado; Pinnacle West Capital Corporation; Arizona Public Service Company, Intervenors,
Mirant Americas Energy Marketing, L.P.; Mirant California L.L.C.; Mirant Delta, L.L.C.; Mirant Portrero L.L.C., Intervenors-Respondents,
Puget Sound Energy, Inc., Intervenor,
Northern California Power Agency; Transmission Agency of Northern California; The M-S-R Public Power Company, Intervenors-Respondents,
The Modesto Irrigation District, Intervenor-Petitioner,
The City of Palo Alto, California; The City of Redding, California, Intervenors-Respondents,
The City of Santa Clara, California, Intervenor-Petitioner,
California Independent System Operator Corporation; Morgan Stanley Capital Group, Inc., Intervenors-Respondents,
Williams Energy Marketing & Trading Company, Intervenor,
Merrill Lynch Capital Services, Inc., Intervenor-Respondent,
Portland General Electric Company; California Electricity Oversight Board, Intervenors,
El Paso Merchant Energy, L.P., Intervenor-Respondent,
The Port of Seattle, Washington, Intervenor,
Duke Energy North America L.L.C.; Duke Energy Trading and Marketing L.L.C., Intervenors-Respondents,
The City of Los Angeles Department of Water and Power, Intervenor-Petitioner,
Sempra Energy Trading Corporation; Avista Energy, Inc.; City of Tacoma, Washington, Intervenors,
Port of Seattle; City of Tacoma; Pacific Gas and Electric Company; Enron Power Marketing Inc., Intervenors-Respondents,
Puget Sound Energy; California Independent System Operator Corporation, Intervenors,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent.
 No. 01-71405.
 United States Court of Appeals, Ninth Circuit.
 February 24, 2004.
 
 Peter C. Kissel, Elisa G. Grammer, Washington, DC, Edna Walz, Mary E. Hackenbracht, AGCA — Office of the California Attorney General (SAC), Sacramento, CA, for petitioner.
 
 
 1
 Michael D. Mackness, Esq., Rosemead, CA, Catherine M. Giovannoni, Esq., Steptoe & Johnson, Washington, DC, for intervenor-petitioner Southern California Edison Company.
 
 
 2
 Sean Gallagher, Esq., California Public Utilities Commission, San Francisco, CA, Arocles Aguilar, Gary M. Cohen, Esq., CPUC — State of California Public Utilities Commission, San Francisco, CA, intervenor-respondent for Public Utilities Commission of the State of California.
 
 
 3
 Marcus Wood, Esq., Stoel, Rives, LLP, Portland, OR, for intervenor-respondent PACIFICORP.
 
 
 4
 John N. Estes, III, Esq., Skadden, Arps, Slate, Meagher & Flom, Washington, DC, intervenors El Segundo Power LLC, Long Beach Generation LLC., Cabrillo Power I LLC and Cabrillo Power II LLC.
 
 
 5
 David B. Robinson, Patton Boggs LLP, Washington, DC, for intervenor South Coast Air Quality Maintenance District.
 
 
 6
 Lawrence G. Acker, Brett A. Snyder, LeBouef, Lamb, Greene & MacRae, LLP, Washington, DC, for intervenor-petitioner IDACORP Energy L.P.
 
 
 7
 Ronald N. Carroll, Jeffrey D. Watkiss, Esq., Bracewell & Patterson, LLP, Washington, DC, for intervenors-respondents Coral Power L.L.C. and Constellation Power Source, Inc.
 
 
 8
 Floyd L. Norton, IV, Esq., Morgan Lewis & Bockius, LLP, Washington, DC, for intervenor Public Service Company of Colorado.
 
 
 9
 John D. McGrane, Esq., Morgan Lewis & Bockius LLP, Washington, DC, for intervenors Pinnacle West Capital Corporation and Arizona Public Service Company.
 
 
 10
 Michael A. Yuffee, McDermott Will & Emery, Debra Raggio Bolton, Mirant Americas, Inc., James C. Beh, Esq., Troutman Sanders, LLP, Washington, DC, for intervenors-respondents Mirant Americas Energy Marketing, L.P., Mirant California L.L.C., Mirant Delta, L.L.C., and Mirant Portrero L.L.C.
 
 
 11
 Meg Meiser, Robert C. McDiarmid, Esq., Lisa G. Dowden, Esq., Spiegel & McDiarmid, Washington, DC, for intervenor-respondent Northern California Power Agency.
 
 
 12
 Richmond F. Allan, Esq., James D. Pembroke, Esq., Wallace L. Duncan, Esq., Michael Postar, Duncan, Weinberg, Genzer & Pembroke, P.C., Washington, DC, for intervenors-respondents Transmission Agency of Northern California, The M-S-R Public Power Company, The Modesto Irrigation District, The City of Palo Alto, California, The City of Redding, California, and The City of Santa Clara, California.
 
 
 13
 Michael E. Ward, Swindler, Berlin, Shereff, Friedman, LLP, Washington, DC, for for intervenor-respondent California Independent System Operator Corporation.
 
 
 14
 Paul J. Pantano, Jr., Esq., Catherine Krupka, Doron F. Ezickson, McDermott, Will & Emery, Washington, DC, for intervenor-respondent Morgan Stanley Capital Group, Inc.
 
 
 15
 Tim W. Muller, Esq., Alex A. Goldberg, Amy L. Sheridan, Tulsa, OK, for intervenor Williams Energy Marketing & Trading Company.
 
 
 16
 Paul J. Pantano, Jr., Esq., Robert Kohn, Catherine M. Krupka, McDermott, Will & Emery, Doron F. Ezickson, Washington, DC, for intervenor-respondent Merrill Lynch Capital Services, Inc.
 
 
 17
 A.W. Turner, Jr., Esq., Portland General Electric Company, Portland, OR, for for intervenor Portland General Electric Company.
 
 
 18
 Sidney Mannheim Jubien, Erik N. Saltmarsh, Sacramento, CA, for for intervenor California Electricity Oversight Board.
 
 
 19
 Kenneth W. Irvin, Esq., Morrison & Foerster, LLP, Washington, DC, for intervenor-respondent El Paso Merchant Energy, L.P.
 
 
 20
 Philip L. Chabot, Jr., Esq., Duane Morris, LLP, Washington, DC, for intervenors The Port of Seattle and City of Tacoma, Washington.
 
 
 21
 Geoffrey G. Bestor, Esq., Dickstein, Shapiro, Morin & Oshinsky, LLP, Washington, DC, for intervenor-respondent Duke Energy North America LLC and Duke Energy Trading and Marketing LLC.
 
 
 22
 Howard E. Shapiro, Esq., Van Ness Feldman, PC, Washington, DC, Marcia Haber Kamine, Esq., Los Angeles, CA, for intervenor-petitioner The City of Los Angeles Department of Water and Power.
 
 
 23
 Howard E. Shapiro, Esq., Margaret A. Moore, Van Ness Feldman, Attorney at Law, Washington, DC, for intervenor Sempra Energy Trading Corporation and Avista Energy, Inc.
 
 
 24
 Michael J. Kurman, Arent, Fox, Kintner, Plotkin & Kahn, Philip L. Chabot, Jr., Esq., Duane Morris, LLP, Washington, DC, for intervenor-respondent City of Tacoma.
 
 
 25
 Ronald N. Carroll, Gary S. Fergus, Esq., Fergus Law Firm, San Francisco, CA, for intervenor-respondent Enron Power Marketing Inc.
 
 
 26
 Howard E. Shapiro, Esq., Van Ness Feldman, PC, Washington, DC, for intervenor Puget Sound Energy.
 
 
 27
 Solicitor, FERC, David P. Boergers, Secretary, Robert H. Solomon, Deputy, Solicitor, FERC — Federal Energy Regulatory Commission, Washington, DC, for respondent.
 
 
 28
 Before: SCHROEDER, Chief Judge, D.W. NELSON and W. FLETCHER, Circuit Judges.
 
 ORDER
 
 29
 The only issue raised in the Federal Energy Regulatory Commission's ("FERC") petition for rehearing is whether this court lacked jurisdiction to review a FERC decision because it was not sufficiently final. Our opinion is reported at 341 F.3d 906 (9th Cir.2003).
 
 
 30
 FERC argues that we do not have jurisdiction because the California Department of Water Resources ("DWR") sought judicial review of one issue in a FERC order, while simultaneously seeking agency reconsideration of separate, unrelated issues in the same order. FERC asks us to follow a D.C. Circuit case which held that "once a party petitions[an] agency for reconsideration of an order, or any part thereof, the entire order is rendered nonfinal as to that party." Bellsouth Corp. v. FCC, 17 F.3d 1487, 1489-90 (D.C.Cir.1994).
 
 
 31
 The Ninth Circuit takes another view of finality. In Steamboaters v. FERC, 759 F.2d 1382, 1387-88 (9th Cir.1985), we held that we had jurisdiction to review a FERC order. In that case, FERC had definitively resolved one issue, but a different issue was still pending before FERC because FERC had, in the same order, deferred decision on that issue. Under the rule in Steamboaters, the fact that one part of an agency order remains pending before the agency does not deprive this court of jurisdiction to review a discrete issue that has been definitively resolved by the agency.
 
 
 32
 Our court and other courts have cited the D.C. Circuit opinion in Bellsouth for the proposition that a petition for agency reconsideration by one party does not affect the right of other parties to seek judicial review. See, e.g., Public Citizen, Inc. v. Mineta, 343 F.3d 1159, 1170 (9th Cir.2003); Petroleum Communications, Inc. v. FCC, 22 F.3d 1164, 1171 n. 6 (D.C.Cir.1994). Bellsouth also stands for the general proposition that a party cannot seek agency reconsideration and judicial review of the same issue at the same time. See, e.g., Public Citizen, 343 F.3d at 1170; AirTouch Paging v. FCC, 234 F.3d 815, 818 (2d Cir.2000). We are unable to find any authority outside the D.C. Circuit, however, holding that a court is deprived of jurisdiction to review an issue definitively resolved by an agency when the party before the court has also sought agency reconsideration of a separate issue that happens to be addressed in the same agency order. DWR contends that not even the D.C. Circuit continues to follow that view. Its law is not entirely consistent in this area. Compare Bellsouth, 17 F.3d at 1489-90 (holding an entire order is rendered nonfinal when the party before the court petitions for agency reconsideration of any part of that order) with Fourth Branch Associates v. FERC, 253 F.3d 741, 746-47 (D.C.Cir.2001) (holding that one action taken in an agency order was final while at the same time holding that another action initiated in the same order was nonfinal).
 
 
 33
 Regardless of the law in the D.C. Circuit, this panel is bound by Steamboaters. Only the en banc court can reconsider Ninth Circuit law. Murray v. Cable Nat'l Broad. Co., 86 F.3d 858, 860 (9th Cir.1996). There are, moreover, sound reasons for our circuit to reject the view articulated in Bellsouth, primarily because it has the potential to delay judicial review, possibly indefinitely. This is a particular danger where, as here, a single FERC order deals with myriad issues pertaining to DWR but unrelated to the issue that DWR wants this court to review. This risk of delay is enhanced because FERC follows a practice of denying motions for reconsideration and addressing previously unconsidered issues in the same order.
 
 
 34
 A review of the relevant agency proceedings in this case illustrates the point. After the June 19, 2002 FERC order in question, DWR sought either judicial or administrative review of three separate issues. It sought review in this court of the denial of rehearing of the outage control that we resolved in this appeal. It sought agency reconsideration, however, of two issues that were decided for the first time in the June 19th order. Because FERC followed its ordinary practice and resolved new issues while at the same time denying reconsideration of old issues, DWR could only accomplish its two objectives by simultaneously seeking agency reconsideration of some, and judicial review of other, discrete issues that FERC had resolved in the same order.
 
 
 35
 FERC's practice would create a problem if we were to adopt the approach to finality FERC now urges. If we were to hold that DWR could not seek judicial review until there were no issues pending agency rehearing, our holding could well force DWR to forego seeking agency reconsideration of issues or postpone judicial review until the day FERC issues an order that denies reconsideration without resolving any new issues. The Steamboaters rule avoids this dilemma because it allows DWR first to seek agency reconsideration and, if unsuccessful, to seek prompt judicial review once issues have been definitively resolved by FERC. Therefore, we conclude that we properly exercised jurisdiction over DWR's petition for review of FERC's order denying reconsideration on the outage control issue.
 
 
 36
 For these reasons, the panel has voted to deny the petition for rehearing and the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.
 
 
 37
 The petition for rehearing and the petition for rehearing en banc are denied.