**RICHMAN BROS. RECORDS,
INC., Petitioner**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents**

No. 96–1044.

United States Court of Appeals,
District of Columbia Circuit.

Decided Sept. 19, 1997.

Glenn B. Manishin and Christy C. Kunin, Washington, DC, were on the briefs for petitioner.

Joel I. Klein, Acting Assistant Attorney General, Robert B. Nicholson and Marion L. Jetton, Attorneys, United States Department of Justice, William E. Kennard, General Counsel, Daniel M. Armstrong, Associate General Counsel, John E. Ingle, Deputy Associate General Counsel, and Laurel R. Bergold, Counsel, Federal Communications Commission, Washington, DC, were on the briefs for respondents.

Leon M. Kestenbaum and Michael B. Fingerhut, Washington, DC, filed a brief for intervenor Sprint Communications Co., L.P.

Before: WALD, WILLIAMS, and GINSBURG, Circuit Judges.

Opinion for the Court filed by Circuit Judge GINSBURG.

GINSBURG, Circuit Judge:

Richman Bros. Records, Inc. seeks review of a decision issued by the staff of the Federal Communications Commission upholding the validity of the limitation of liability provision in a tariff filed by U.S. Sprint Communications Co. The FCC argues, among other things, that Richman's petition should be dismissed because Richman, having failed to ask the Commission to review the decision of the staff, did not exhaust its administrative remedies before seeking judicial review. We agree.

\* \* \*

In 1987 Richman transferred its 12 existing WATS lines from Telesphere, Inc. to Sprint and at the same time added six new lines. For more than three months after the service was switched to Sprint, Richman was unable to make outgoing long-distance calls on its pre-existing lines. Richman sued Sprint in New Jersey state court for damages resulting from the three-month loss of service. Sprint defended on the ground that its agreement with Richman incorporated the tariff that Sprint then had on file with the FCC, which included a limitation upon Sprint's liability for damages. Meanwhile Sprint sued Richman in the United States District Court for the District of Kansas to recover unpaid long-distance charges.

The two actions were consolidated before the United States District Court for the District of New Jersey. The district court determined that under the doctrine of primary jurisdiction, the validity of the tariff provision limiting Sprint's liability should be submitted to the FCC. Richman's appeal of that decision was dismissed by the Third Circuit for want of a final order. See *Richman Bros. Records, Inc. v. U.S. Sprint Communications Co.*, 953 F.2d 1431 (1991), *cert. denied*, 505 U.S. 1230, 112 S.Ct. 3056, 120 L.Ed.2d 921 (1992).

Richman then duly applied to the FCC for a declaratory judgment that the provision of the tariff limiting Sprint's liability is not a defense to its state law action. The Common Carrier Bureau of the FCC, acting pursuant to delegated authority, *see* 47 C.F.R. § 0.91 (1996), rejected Richman's arguments and denied its petition. Without asking the Commission to review that decision Richman filed a petition for review in this court.

We conclude that § 5(c)(7) of the Communications Act, 47 U.S.C. § 155(c)(7), precludes the court from exercising jurisdiction over Richman's petition. That section makes the filing of an application for review by the Commission "a condition precedent to judicial review" of a decision taken pursuant to delegated authority.

Invoking *United States v. Western Pacific R.R. Co.*, 352 U.S. 59, 72–73, 77 S.Ct. 161, 169–70, 1 L.Ed.2d 126 (1956) and *Reiter v. Cooper*, 507 U.S. 258, 268–69, 113 S.Ct. 1213, 1220–21, 122 L.Ed.2d 604 (1993), Richman contends that the jurisdictional hurdle raised by § 5(c)(7) presents no obstacle to judicial review of the staff decision in this case because it was occasioned by referral from a court under the doctrine of primary jurisdiction. Richman's reliance upon *Western Pacific* and *Reiter* is misplaced, however.

In *Western Pacific* the Supreme Court held that the two-year limitation (as provided in § 16(3) of the Interstate Commerce Act) upon the suit of a carrier against a shipper (in that case the United States) "does not bar a [judicial] reference to the Interstate Commerce Commission of questions raised by way of defense and within the Commission's primary jurisdiction." 352 U.S. at 74, 77 S.Ct. at 170. The purpose of the statute of limitations is to keep stale litigation out of the courts. That purpose would not be served by applying the statute of limitations to the referral of a question arising in the course of the defense. *Id.* at 72, 77 S.Ct. at 169. Rather, the result would be to require the district court to render a decision "without the benefit of all the applicable law." *Id.*

According to Richman, "[t]his case is a virtual clone of *Western Pacific.*"

First, Section 5(c)(7) says nothing about primary jurisdiction referrals, and there is "therefore no language which militates against the conclusion that the statute does not apply" in primary jurisdiction cases. Second, the policy behind Section 5(c)(7), avoiding judicial interference until administrative remedies are exhausted, "has no relevance here" because the purpose of

**1304**

primary jurisdiction is to allocate decision-making responsibility, not prevent judicial interference with exclusive administrative powers. Finally, it is irrelevant whether Section 5(c)(7) is "jurisdictional" because this entire tariff matter is one that has been referred as an issue "incident to judicial proceedings," not a case originally before the Commission.

Richman's first and third points are essentially defensive. The petitioner's case-in-chief, as it were, is that the policy behind the exhaustion requirement in administrative law, like the policy behind the statute of limitations in *Western Pacific,* "has no relevance" to a matter that arises in the first instance in a court and is only then put before an agency out of deference to the agency's primary jurisdiction. Richman badly misreads both the exhaustion requirement and *Western Pacific.* As for the case, Richmond ignores the extent to which the Supreme Court based its decision upon the inequity of permitting an action against the United States without permitting the United States to raise a defense because of the shorter statute of limitations for actions before the ICC. Only a clear directive from the Congress could compel such a result. 352 U.S. at 71, 77 S.Ct. at 169.

Richman offers no comparably compelling reason to believe that the Congress intended to suspend the exhaustion requirement of § 5(c)(7) in the case of a referral made under the doctrine of primary jurisdiction. In such a case the district court stays its hand in order for the parties to get a ruling from the agency and thus to bring the agency's expertise—including its policy judgment—fully to bear upon a question within the agency's peculiar competence. There is every reason to think, therefore, that the Congress did not intend that the court review a staff decision that has not been adopted by the Commission itself.

Richman next argues that this case is governed by *Reiter,* in which (per Richman) "the Court held that the administrative exhaustion requirements of the [Interstate Commerce Act] do not apply to primary jurisdiction referrals." *Reiter* held no such thing, but rather stands for the common-sense proposition that a party need not exhaust its administrative remedies before an agency

that is without the power to grant the remedy it seeks. 507 U.S. at 269, 113 S.Ct. at 1220. There is no similar remedial problem in this case, however. Richman sought a declaratory order (that a limitation of liability provision in a tariff may not be invoked as a defense to a tort claim sounding in state law) and the FCC is authorized to grant such relief in an appropriate case. 5 U.S.C. § 554(e); 47 C.F.R. § 1.2 (1996). *See, e.g., Wilson v. A.H. Belo Corp.,* Nos. CV–91–1206 and CV–92–659 (E.D. Cal. April 27, 1992) (complaint dismissed in light of declaratory ruling *In re Exclusive Jurisdiction with Respect to Potential Violations of the Lowest Unit Charge Requirements of Section 315(b) of the Communications Act of 1934, As Amended,* 6 F.C.C.R. 7511 (1991)), *aff'd,* 87 F.3d 393 (9th Cir.1996); *In the Matter of Earth Satellite Communications, Inc.,* 95 F.C.C.2d 1223 (1983) (declaratory order preempting state regulation of satellite master antenna television), *aff'd, New York State Comm'n on Cable Television v. Federal Communications Comm'n,* 749 F.2d 804 (D.C.Cir.1984).

In summary, Richman failed to exhaust its administrative remedies and presents no valid reason why this failure should be excused. Therefore, we do not reach Richman's arguments on the merits, and its petition for review is

*Dismissed.*