INTERNATIONAL TELECARD ASSOCIATION and WorldCom, Incorporated, Petitioners,

v.

FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.

No. 98–1291.

United States Court of Appeals, District of Columbia Circuit.

Feb. 23, 1999.

Before: GINSBURG, SENTELLE, and ROGERS, Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

In *Richman Bros. Records, Inc., v. Federal Communications Commission*, 124 F.3d 1302 (D.C.Cir.1997), we dismissed a petition for review because the petitioners had not yet sought review of the agency order by the full Federal Communications Commission, as required by 47 U.S.C. § 155(c)(7). The question presented in this case is whether judicial review can be obtained when Commission review has been sought, but not yet obtained. In other words, is the act of filing a request for Commission review in itself sufficient to satisfy the judicial review prerequisites of § 155(c)(7). We hold that it is not.

The order under review in this petition was issued March 9, 1998, by the Chief of the FCC's Common Carrier Bureau, *Implementation of the Payphone Reclassification and Compensation Provisions of the Telecommunications Act of 1996,* Order No. DA 98–481, 13 FCC Rcd 4998 (Com. Car. Bur.1998). The order was issued pursuant to authority delegated by the full Commission to the Common Carrier Bureau Chief. *See* 47 U.S.C. § 155(c)(1); 47 C.F.R. §§ 0.91 & 0.291. In April 1998, petitioners filed an application for full Commission review of the March 9 order, pursuant to 47 U.S.C. § 155(c)(1) (orders issued on authority delegated by the Commission "may be adopted, amended, or rescinded only by a vote of the majority of the members of the Commission then holding office"). Petitioners filed a petition for judicial review in June 1998. The FCC moved to dismiss for lack of jurisdiction because the full Commission had not yet resolved the application for administrative review. In an unpublished order filed September 15, 1998, we granted the FCC's motion and dismissed the petition for review.

■ Petitioner International Telecard Association (ITA) filed a petition for rehearing arguing that the act of filing an application for Commission review satisfies the statutory prerequisite to judicial review, and that petitioners need not await the Commission's de-

cision on review before petitioning this court. ITA's argument is based on the language of 47 U.S.C. § 155(c)(7), which provides that "[t]he filing of an application for review [by the full Commission] shall be a condition precedent to judicial review of any order taken pursuant to" delegated authority, but does not explicitly require a petitioner to await the Commission's disposition.

ITA's reading of § 155(c)(7), however, conflicts with the reasoning of *Richman Bros.* The petition at issue in *Richman Bros.* arose out of a primary jurisdiction referral from a district court to the FCC's Common Carrier Bureau. We disallowed Richman's attempt to obtain judicial review of the resulting staff decision without first seeking Commission review. *Richman Bros.* rejected the claim that § 155(c)(7)'s "exhaustion requirement" is inapplicable to primary jurisdiction referrals, reasoning that "the Congress did not intend that the court review a staff decision that has not been adopted by the Commission itself." *Id.*, 124 F.3d at 1304. The *Richman Bros.* reasoning applies equally to the situation presented here. Because ITA's interpretation of § 155(c)(7) would permit judicial review of a staff decision before the Commission has "adopted, amended, or re-

scinded" that decision, *see* § 155(c)(1), it must be rejected.

■ Lest there be any misunderstanding, we expressly hold that a petition for review filed after a bureau decision but before resolution by the full Commission is subject to dismissal as incurably premature. Ongoing agency review renders an order nonfinal for purposes of judicial review, and a petition for review of the order is incurably premature. *Cf. Bellsouth Corp. v. FCC,* 17 F.3d 1487, 1490 (D.C.Cir.1994) (while party's request for agency reconsideration remains pending, petition for judicial review incurably premature); *Wade v. FCC,* 986 F.2d 1433, 1434 (D.C.Cir.1993) ("danger of wasted judicial effort ... attends the simultaneous exercise of judicial and agency reconsideration").

Because ITA's petition for review was properly dismissed, we deny the petition for rehearing.