[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 29, 2003
THOMAS K. KAHN
CLERK**

_____

No. 02-10222

_____

FCC Docket No. PA 00-005

GEORGIA POWER COMPANY,

Petitioner,

versus

TELEPORT COMMUNICATIONS
ATLANTA, INC., DUKE ENERGY
CORP., AMERICAN ELECTRIC
POWER SERVICE CORP.,

Intervenors,

FEDERAL COMMUNICATIONS
COMMISSION, UNITED STATES
OF AMERICA,

Respondents.

_____

Petition for Review of an Order of the
Federal Communications Commission

_____

**(September 29, 2003)**

Before BLACK and MARCUS, Circuit Judges, and MIDDLEBROOKS[*], District Judge.

BLACK, Circuit Judge:

In this companion opinion to our decision in *Georgia Power Co. v. FCC*, No. 02-15608 (11th Cir. _____, 2003), we decide two pending motions related to Georgia Power's first petition for review. For a full statement of the background and procedural history of this case, refer to our opinion in the companion case. Relevant to the first petition, there remain two issues we must decide. First, should the intervenors' brief in support of Georgia Power be stricken because it injects new issues into this appeal? Second, should the Federal Communications Commission's (FCC) motion to dismiss be granted because Georgia Power acted prematurely in filing the first petition?

I.

FCC's pole attachment rate formula uses the historical costs of the utility's pole network. In its first petition, Georgia Power complained that the proper method for determining just compensation must use the replacement costs, not the historical costs. It argued that, unless replacement costs are used, the FCC formula denies

[*]Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.

Georgia Power just compensation for the taking mandated by the Telecommunications Act.

In their briefs on the first petition,[1] the utility intervenors raise a different argument. They claim that only the courts can determine just compensation for a taking and that FCC can play no role in awarding just compensation to Georgia Power. FCC has moved to strike this argument on the ground that this argument was not made by the petitioners themselves. That motion is currently pending.

Georgia Power never argued that the FCC is barred from setting just compensation for the taking at issue. Except for extraordinary cases, an intervenor is precluded from raising issues not raised by the principal parties. *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001). Furthermore, this argument has been raised before, and we have rejected it. *Gulf Power Co. v. United States*, 187 F.3d 1324, 1333 (11th Cir. 1999) ("[U]se of an administrative body with some technical expertise over the subject matter of the property to be valued likely will aid the judiciary in arriving at a more reliable determination of the proper level of just compensation."). Under the prior panel precedent rule, the utility intervenors' argument must be rejected. *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997)

---

[1]With regard to the second petition, the utility intervenors concede that *Alabama Power Co. v. FCC*, 311 F.3d 1357 (11th Cir. 2002), *petition for cert. filed*, No. 02-1474 (Apr. 4, 2003), disposes of their claim.

("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting *en banc* can judicially overrule a prior panel decision." (citation omitted)). We therefore grant FCC's motion.

## II.

In response to Georgia Power's first petition, FCC moved to dismiss on the ground that the petition was premature. Georgia Power filed an application for review of Cable Services Bureau's order before the full FCC. It then filed the first petition in this court before the full Commission had an opportunity to rule on the application. According to Georgia Power, the Telecommunications Act's exhaustion requirement demands only that it file an application for review of the Cable Services Bureau's order, not that it await a ruling from the full FCC. *See* 47 U.S.C. § 155(c)(7) ("The *filing* of an application for review under this subsection shall be a condition precedent to judicial review of any order . . . .") (emphasis added).

Only final agency actions can be subject to judicial review. 28 U.S.C. § 2344 ("Any party aggrieved by the final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies."). An order from a subordinate unit of the FCC, like the Cable Services Bureau, becomes final if no application for review before the full Commission is filed. 47 U.S.C. § 155(c)(3). When an application for review is filed, the Commission is required to act upon it.

4

47 U.S.C. § 155(c)(4). If no application for review of the subordinate unit's order is filed, there can be no judicial review of that order. 47 U.S.C. § 155(c)(7).

Under this statutory scheme, Georgia Power can get judicial review of the Cable Services Bureau's order only if both of the following two conditions are satisfied: (1) it files an application for review by the full Commission, and (2) the relevant order becomes final. Unfortunately for Georgia Power, satisfying the first condition makes a ruling from the full FCC the only means of satisfying the second condition. The Cable Services Bureau's order would become final if Georgia Power did not file an application for review, but once it files an application for review, the subordinate unit's order is non-final, and hence non-reviewable under 28 U.S.C. § 2344. *See* 47 U.S.C. § 155(c)(3) (rendering subordinate units' orders final "unless reviewed as provided in paragraph (4) of this subsection," governing applications for review). Without an order from the full FCC, Georgia Power cannot petition this Court for review.

*Alabama Power* presented the same issue. *See Ala. Power*, 311 F.3d at 1366. According to the Court, "[t]he mere act of filing an application alone does not satisfy the jurisdictional prerequisite." *Id.* Because the petitioners in that case bypassed the full FCC by petitioning for review of the Cable Service Bureau's decision, the petitions for review were "incurably premature." *Id*.

The D.C. Circuit also reached this same conclusion in a case involving the Common Carrier Bureau of the FCC. *Int'l Telecard Ass'n v. FCC*, 166 F.3d 387 (D.C. Cir. 1999). The petitioner in that case argued, just as Georgia Power does here, that the mere filing of the application for review by the full FCC satisfies the statutory prerequisite for judicial review in 47 U.S.C. § 155(c)(7). The D.C. Circuit concluded that a petition for review of the bureau decision before a ruling from the full FCC was "incurably premature." *Id.* at 388.

> Lest there be any misunderstanding, we expressly hold that a petition for review filed after a bureau decision but before resolution by the full Commission is subject to dismissal as incurably premature. Ongoing agency review renders an order nonfinal for purposes of judicial review, and a petition for review of the order is incurably premature.

*Id.* (citations omitted).

Georgia Power also sought to evade the exhaustion requirement by claiming full review by the FCC would be futile. According to Georgia Power, FCC predetermined all the relevant issues and the full FCC's rule merely rubber-stamped the Cable Services Bureau's decision. This argument fails, however, because courts cannot waive an exhaustion requirement on the basis of futility where Congress specifically mandates exhaustion, as it did in § 155(c)(7). *Coit Independence Joint Venture v. Fed. Sav. & Loan Ins. Corp.*, 489 U.S. 561, 579, 109 S. Ct. 1361, 1372

6

(1989); *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998) ("Mandatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply.").

It follows that Georgia Power's first petition for review of the Cable Services Bureau's order is "incurably premature." *Ala. Power*, 311 F.3d at 1366. We will therefore grant FCC's motion to dismiss.[2]

### III.

Accordingly, it is hereby

ORDERED AND DIRECTED that FCC's motion to strike is GRANTED.

It is FURTHER ORDERED that FCC's motion to dismiss the petition for review in number 02-10222 is GRANTED.

PETITION DISMISSED.

---

[2]We express no opinion as to whether Georgia Power's premature petition for review ripened as a result of FCC's final order in this case. In response to FCC's final order, Georgia Power elected to file the second petition (at number 02-15608), which was not premature. Georgia Power never argued that the first petition had ripened, and so we need not address that possibility.