**MOBILFONE SERVICE, INC., Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

No. 02–1197.

United States Court of Appeals, District of Columbia Circuit.

Oct. 24, 2003.

Rehearing En Banc Denied
Dec. 23, 2003.

Before HENDERSON, TATEL and ROBERTS, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This cause was heard on the record from the Federal Communications Commission and on the briefs and arguments of counsel. For the reasons set out in the accompanying memorandum, it is

**ORDERED** that the petition for review be dismissed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Mobilfone Service, Inc. (Mobilfone) petitions for review of the decision of the Wireless Telecommunications Bureau (WTB) of the Federal Communications Commission (FCC) denying Mobilfone a small business bidding credit (a twenty-five per cent discount on its winning bids based on its gross revenues, which, in Mobilfone's case, would have amounted to less than $6,000.00) in connection with Mobilfone's participation in an auction of spectrum licenses in the upper and lower paging bands. Mobilfone complains that it was wrongfully denied a bidding credit because the WTB penalized it for failing to supply certain information. The information was required under a regulation for which the FCC allegedly neglected to properly display a correct document control number, in violation of the Paperwork Reduction Act (PRA), 44 U.S.C. §§ 3501 *et seq.* We do not reach the merits of Mobilfone's petition because we conclude that we lack jurisdiction to consider it.

 Section 402(a) of the Federal Communications Act permits litigants to seek judicial review of "any order of the Commission." 47 U.S.C. § 402(a). Section 402(a) expressly references section 2342(1) of the Hobbs Act which vests this court with jurisdiction to review only "final orders of the Federal Communications Commission." 28 U.S.C. § 2342(1). Mobilfone seeks review not of a Commission order but instead of the WTB's decision. Moreover, as Mobilfone has not sought Commission review of the WTB's decision, section 155(c)(7) of the Communications Act precludes us from exercising jurisdiction because that provision makes the filing of an application for review by the Commission "a condition precedent to judicial review" of an action taken pursuant to delegated authority. 47 U.S.C. § 155(c)(7); *Richman Bros. Records, Inc.*

*v. FCC,* 124 F.3d 1302, 1303 (D.C.Cir.1997). Additionally, Mobilfone's petition for reconsideration pending before the WTB renders its petition for judicial review "incurably premature." *Int'l Telecard Ass'n v. FCC,* 166 F.3d 387, 388 (D.C.Cir.) (per curiam) ("Ongoing agency review renders an order nonfinal for purposes of judicial review, and a petition for review of the order is incurably premature."), *cert. denied,* 526 U.S. 1146, 119 S.Ct. 2022, 143 L.Ed.2d 1034 (1999).

Mobilfone contends that the PRA supersedes these jurisdictional prerequisites, pointing to section 3512 of the PRA, which provides in part that "notwithstanding any other provision of law, no person shall be subject to any penalty for failing to comply with a collection of information ... if ... the collection of information does not display a valid control number...." 44 U.S.C. § 3512(a)(1). Section 3512 further states that "[t]he protection provided by this section may be raised in the form of a complete defense, bar, or otherwise at any time during the agency administrative process or judicial action applicable thereto." 44 U.S.C. § 3512(b). By allowing claims of injury under the PRA to be raised "at any time," the Congress did not override the prerequisites for judicial review of FCC orders set forth in the Communications Act. *Id.* Instead section 3512(b) allows a PRA claimant to raise its claim at any point during ongoing proceedings, *i.e.,* "at any time *during the agency administrative process or judicial action applicable thereto." Id.* (emphasis added); *see Center for Auto Safety v. Nat'l Highway Traffic Safety Admin.,* 244 F.3d 144, 150 (D.C.Cir.2001) (PRA claim may be raised "at any time during ongoing proceedings"); *Saco River Cellular, Inc. v. FCC,* 133 F.3d 25, 31 (D.C.Cir.) (PRA "simply prevents an agency or court from refusing to consider a PRA argument on the ground that it is

untimely"), *cert. denied sub nom., Northeast Cellular Tel. Co. v. FCC,* 525 U.S. 813, 119 S.Ct. 47, 142 L.Ed.2d 37 (1998). Mobilfone argues that in *Saco River* we interpreted the phrase "notwithstanding any other provision of law," 133 F.3d at 30, to clear the jurisdictional hurdles that the Communications Act erects. *Saco River,* however, cannot be read so broadly. There, we held that section 3512(b) prevents an agency or a court from refusing to consider an untimely PRA argument, *id.* at 30–31, but only "so long as the administrative or judicial process in connection with a particular license or with a particular application continues." *Id.* at 30 (internal quotation omitted). In other words, while the PRA obligates "agencies and courts [to] entertain arguments that would otherwise have been barred either by a statute of limitations or by the proponent's failure to have made the argument at an earlier stage in the administrative or judicial process," *id.* at 30–31, it does not authorize a litigant to initiate a judicial proceeding where one does not otherwise exist.