**RESUBMIT ELD-006-E**                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3944
_____

JAMES D. SCHNELLER,
                                                        Appellant

v.

WCAU CHANNEL 10
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:10-cv-05081)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
December 7, 2010

Before:  AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed : January 25, 2011)
_____

OPINION
_____

PER CURIAM

        James Schneller, proceeding pro se, appeals from the District Court's dismissal of

his civil action for lack of jurisdiction.  For the reasons that follow, we will summarily

affirm.

On September 28, 2010, Schneller, who was running as an independent candidate for Congress in Pennsylvania's Seventh District, filed a "Complaint for First Amendment and Civil Rights Violations and for Temporary Restraining Order" against WCAU Channel 10 ("WCAU") in the District Court. He alleged that WCAU was violating section 315 of the Communications Act of 1934, as amended, 47 U.S.C. § 315,[1] by ignoring his requests to join Patrick Meehan and Bryan Lentz — the Seventh District's Republican and Democratic candidates, respectively — in an upcoming edition of WCAU's *NBC10@Issue* program,[2] which was scheduled to be taped on October 1, 2010, and broadcasted on October 3, 2010. Schneller also brought claims under 42 U.S.C. §§ 1983 and 1985(3), claiming that WCAU was violating his First Amendment rights, denying him "the equal protection of the laws," and engaging in a civil conspiracy. Schneller sought a temporary restraining order ("TRO"), as well as a preliminary and

_____

[1] Section 315 provides, in pertinent part, that "[i]f any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station." 47 U.S.C. § 315(a). This requirement does not apply to a "bona fide newscast," a "bona fide news interview," a "bona fide news documentary (if the appearance of the candidate is incidental to the presentation of the subject or subjects covered by the news documentary)," or "on-the-spot coverage of bona fide news events (including but not limited to political conventions and activities incidental thereto)." Id.

[2] According to WCAU, *NBC10@Issue* "is a weekly 30-minute public affairs program . . . [that] focuses on issues of concern to the community and is comprised primarily of an interview/question and answer format in which community leaders, experts in areas of concern, politicians and others are invited to appear and respond to questions from the host." (WCAU's Sept. 30, 2010 letter to this Court, at 1.)

permanent injunction, and reserved the right to seek damages.

On September 29, 2010, the District Court held a hearing to address Schneller's request for a TRO. The next day, the court issued an order dismissing the case in its entirety for lack of jurisdiction. Schneller filed his notice of appeal that same day and moved this Court for a TRO or, in the alternative, mandamus relief. On October 1, 2010, we denied that motion.

WCAU's October 3, 2010 broadcast of *NBC10@Issue* apparently went forward as scheduled — without Schneller. On October 7, 2010, the Clerk directed the parties to show cause why Schneller's appeal should not be dismissed as moot. On October 29, 2010, after having received responses from both parties, we concluded that it was not appropriate to dismiss the appeal as moot at that time because, "[a]t a minimum, it appears that a claim for damages — relief that [Schneller] explicitly reserved in his complaint — would not be mooted by virtue of the fact that the October 3 broadcast has taken place." (Order of Oct. 29, 2010.) We noted, however, that summary action might be appropriate. Now that the parties have had an opportunity to submit written argument in support of, or in opposition to, summary action, this appeal is ripe for disposition.[3]

---

[3] We have jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm the District Court's judgment on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

## II.

We first consider Schneller's claim that WCAU violated section 315 of the Communications Act. The District Court did not err in concluding that it lacked jurisdiction to consider this claim, for there is no private cause of action under that statutory provision. See Forbes v. Ark. Educ. Television Commc'n Network Found., 22 F.3d 1423, 1427 (8th Cir. 1994) (en banc), rev'd on other grounds, 523 U.S. 666 (1998); Belluso v. Turner Commc'ns Corp., 633 F.2d 393, 397 (5th Cir. 1980); Daly v. Columbia Broad. Sys., Inc., 309 F.2d 83, 85-86 (7th Cir. 1962); see also Lechtner v. Brownyard, 679 F.2d 322, 327 (3d Cir. 1982) ("The focus of the [Communications] Act is the general public, with the [Federal Communications Commission (FCC)], not the private litigant, as its champion."). The proper course for raising a claim under section 315 is to file a complaint with the FCC. See Forbes, 22 F.3d at 1427. In fact, Schneller did just that, and he indicates that his complaint with the FCC was denied on October 20, 2010, by an individual from the FCC's Policy Division.

Although Schneller now apparently seeks to petition this Court for review of that FCC decision and make that petition part of this appeal, he cannot do so. The Communications Act "requires an application for review to the full Commission as a prerequisite to judicial review of decisions made under delegated authority." Ala. Power Co. v. FCC, 311 F.3d 1357, 1366 (11th Cir. 2002); see 47 U.S.C. § 155(c)(7). Because there is no indication that Schneller sought or obtained such review from the full Commission, we lack jurisdiction to review the FCC's denial of his complaint. See Ala.

4

Power Co., 311 F.3d at 1366; Richman Bros. Records, Inc. v. FCC, 124 F.3d 1302, 1303 (D.C. Cir. 1997). Accordingly, Schneller's "Motion to Amend to Add Petition for Review of Action of [FCC]" is denied.

We now turn to Schneller's claims brought under 42 U.S.C. §§ 1983 and 1985(3). It appears that the District Court overlooked these claims when it dismissed his case. Despite that apparent oversight, we need not disturb the District Court's dismissal. Schneller's challenges under §§ 1983 and 1985(3) fail to state a claim under Fed. R. Civ. P. 12(b)(6), for his § 1983 claims do not allege that WCAU acted "under color of state law," see West v. Atkins, 487 U.S. 42, 48 (1988), and his civil conspiracy claim under § 1985(3) consists of nothing more than vague, conclusory allegations. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (stating that "[a] pleading that offers [merely] labels and conclusions" or "naked assertions devoid of further factual enhancement" does not satisfy Fed. R. Civ. P. 8's pleading requirements) (quotation marks and citations omitted). Moreover, there is no indication that Schneller could amend his complaint so as to survive dismissal under Rule 12(b)(6). WCAU is a privately-owned television station,[4] and we have emphasized that, in cases brought against private actors, § 1985(3) has traditionally been limited to a narrow set of circumstances not present here. See Brown v. Philip Morris Inc., 250 F.3d 789, 806 (3d Cir. 2001) ("The great weight of

---

[4] Although a private entity that "is a willful participant in joint action with the State or its agents" acts "under color of state law" for purposes of § 1983, see Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), there is no indication that the Commonwealth of

precedential authority . . . supports the traditional limitation of § 1985(3) to questions of interstate travel and involuntary servitude . . . .”).

In light of the above, and because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

---

Pennsylvania or one of its agents had any involvement in deciding who was to appear on the local television program at issue here.