# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 20-1026**

**September Term, 2020**

FILED ON: MARCH 4, 2021

FRIENDS OF THE EARTH, ET AL.,
            PETITIONERS

v.

U.S. NUCLEAR REGULATORY COMMISSION AND UNITED STATES OF AMERICA,
            RESPONDENTS

FLORIDA POWER & LIGHT COMPANY,
            INTERVENOR

---

On Petition for Review of an Order
of the Nuclear Regulatory Commission

---

Before: HENDERSON and TATEL, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

## J U D G M E N T

This petition was considered on the record from the Nuclear Regulatory Commission and on the briefs of counsel. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is hereby

**ORDERED** and **ADJUDGED** that the petition be **DISMISSED**.

## I.

Petitioners Friends of the Earth, Natural Resources Defense Council, Inc. and Miami Waterkeeper challenge the Nuclear Regulatory Commission's (NRC) second renewal of operating licenses for two nuclear power reactor units at Turkey Point Nuclear Generating Station in Florida. Petitioners set forth several merits claims challenging the sufficiency of the Agency's environmental impacts analysis performed pursuant to the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321 *et seq*. Before reaching Petitioners' merits claims, however, we must first assess our jurisdiction. We assume the parties' familiarity with the

underlying facts and procedural history in this case, discussing only the facts and procedural history necessary for our analysis.

## II.

"It is well-established that a party may not simultaneously seek both agency reconsideration and judicial review of an agency's order[;] . . . a petition for review filed while a request for agency reconsideration is pending [is] 'incurably premature.'" *Tenn. Gas Pipeline Co. v. FERC*, 9 F.3d 980, 980–81 (D.C. Cir. 1993) (per curiam) (quoting *TeleSTAR, Inc. v. FCC*, 888 F.2d 132, 134 (D.C. Cir. 1989) (per curiam); citing *Wade v. FCC*, 986 F.2d 1433 (D.C. Cir. 1993) (per curiam)). In other words, "a pending petition for administrative reconsideration renders the underlying agency action nonfinal, and hence unreviewable, with respect to the petitioning party." *TeleSTAR, Inc.*, 888 F.2d at 133 (quoting *United Transp. Union v. ICC*, 871 F.2d 1114, 1114 (D.C. Cir. 1989)). Recently, we explained that the incurably premature doctrine applies even if the administrative appeal involves a "separate decision[]" from the petition for review before us but the same "issue" is being challenged in both. *See Flat Wireless, LLC v. FCC*, 944 F.3d 927, 933 (D.C. Cir. 2019).

When Petitioners filed their petition for review of the NRC's license renewals on January 31, 2020, three administrative appeals were pending before the NRC.[1] The administrative appeals raised the same legal issues that Petitioners raise in the petition for review *sub judice*. *See* Joint Appendix 1201 n.46, 1361–91, 1918–45. As in *Flat Wireless*, it makes no difference that Petitioners' administrative appeals challenged Atomic Safety and Licensing Board orders issued during the license renewal proceedings instead of the license renewals themselves. *See Flat Wireless*, 944 F.3d at 933. Because the petition for review raises the same legal issues raised in the administrative appeals and was filed while the administrative appeals were pending, the petition is incurably premature.

Additionally, whether Petitioners had a choice under agency regulations to seek NRC review before filing their petition does not affect our analysis. Although we have previously clarified the limits of our "incurable prematurity" holdings, *see TeleSTAR, Inc.*, 888 F.2d at 134, our court has never held that, if petitioners do not have a choice between seeking agency reconsideration or judicial review, the lack of such choice allows them to pursue both avenues of review simultaneously. Indeed, we have described the "incurably premature" principle as a "bright line test," *id.*, and have not limited applicability of the doctrine based on petitioners' options for review or reconsideration. *See, e.g.*, *Clifton Power Corp. v. FERC*, 294 F.3d 108, 111–12 (D.C. Cir. 2002); *Int'l Telecard Ass'n v. FCC*, 166 F.3d 387, 388 (D.C. Cir. 1999) (per curiam); *Bellsouth Corp. v. FCC*, 17 F.3d 1487, 1489–90 (D.C. Cir. 1994); *Tenn. Gas Pipeline Co.*, 9 F.3d at 980–81; *United Transp. Union*, 871 F.2d at 1116. Further, that the request for agency reconsideration may not be optional does not undercut the foundational consideration underlying the "incurably premature" doctrine: "a favorable decision from the agency might

---

[1] One of the administrative appeals—an interlocutory appeal certified to the NRC by the Atomic Safety and Licensing Board—was resolved in April 2020. The other two administrative appeals—petitions for review initiated by Petitioners—remain pending before the NRC.

2

yet obviate the need for review by the court." *Clifton Power Corp.*, 294 F.3d at 111–12 (citing *City of New Orleans v. SEC*, 137 F.3d 638, 639 (D.C. Cir. 1998) (per curiam)).

Petitioners' petition for review is thus incurably premature and we accordingly dismiss it.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

3