TeleSTAR, INC., Petitioner,

v.

FEDERAL COMMUNICATIONS COM-
MISSION and the United States of
America, Respondents,

MCI Telecommunications
Corporation, Intervenor.

Nos. 88–1153, 88–1419.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 6, 1989.

Donald F. Beach, for petitioner.

John E. Ingle, Deputy Associate Gen.
Counsel, F.C.C., with whom Sue Ann Pres-
kill, Atty., were for respondent.

William J. Byrnes, with whom John
Wells King and James E. Dunstan, Wash-
ington, D.C., appeared on the motion to
dismiss filed by intervenor.

Also entering an appearance for respon-
dent was John J. Powers, III, Atty., U.S.
Dept. of Justice, Washington, D.C.

Before MIKVA, EDWARDS and
WILLIAMS, Circuit Judges.

Opinion for the Court filed PER
CURIAM.

ON MOTION TO DISMISS PETITION
FOR REVIEW NO. 88–1419

PER CURIAM:

■ The question before us is whether a petition for review, unripe because of the pendency of a request for agency reconsideration, ripens so as to vest this court with jurisdiction once the agency issues its final decision on reconsideration. We hold that this court does not have jurisdiction to consider the prematurely-filed petition for review, even after the agency rules on the rehearing request. In order to obtain review of a now-final agency order, a new petition for review must be filed.

This action involves an application filed by TeleSTAR, Inc., and its principal shareholders, Doyal Evan Stewart and Walter Noel Stewart, for revocation of a license issued to MCI Telecommunications Corporation ("MCI") by the Federal Communications Commission ("FCC" or "Commission"). TeleSTAR's application alleged unlawful premature construction, unauthorized operation and failure to coordinate frequency usage.

In two orders dated January 25, 1988 and February 18, 1988, the FCC denied TeleSTAR's application. The FCC did find, however, that MCI had violated section 319(a) of the Communications Act ("the Act"), 47 U.S.C. § 319(a) (1982), by commencing station construction prior to the receipt of Commission authorization. The Commission determined that the violations were willful and repeated as defined in 47 U.S.C. § 503(b)(1) (1982), and that two were actionable under that section. Based on these findings, the FCC issued to MCI a Notice of Apparent Liability for forfeiture in the amount of $10,000.

The instant petition for review, No. 88–1419, filed on June 13, 1988, challenges the Commission's June 2, 1988 ruling denying TeleSTAR's "Petition for Revocation of MCI's FCC Authority Revisited—New FCC Violations by MCI during 1988." On June 2, 1988, TeleSTAR also filed "Comments on Reconsideration" with the FCC. The Commission treated these comments as a petition for reconsideration, and the agency denied TeleSTAR's reconsideration request in an order dated November 21, 1988. Because the petition for review was filed five months before the agency ruled on TeleSTAR's petition for reconsideration, MCI moved to dismiss the petition for review as premature. Although a petition for review from the November 21, 1988 reconsideration order was filed, it has been dismissed as untimely pursuant to separate order of the court. See TeleSTAR, Inc. v. FCC, No. 89–1156.

This court recently held that "a pending petition for administrative reconsideration renders the underlying agency action nonfinal, and hence unreviewable, with respect to the petitioning party." United Transportation Union v. ICC, 871 F.2d 1114 (D.C.Cir.1989) ("UTU"). Therefore, a party can no longer simultaneously move for reconsideration before the agency and petition this court for review. See ICC v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 284, 107 S.Ct. 2360, 2368–69, 96 L.Ed.2d 222 (1987) (a timely petition for administrative reconsideration stays the running of the Hobbs Act's limitations period until the petition has been acted on by the agency).

Based on UTU, TeleSTAR's June 13, 1988 petition for review was premature when filed. If TeleSTAR's motion for reconsideration were still pending before the agency, the petition for review clearly would have to be dismissed. Although the agency has since acted on the motion for reconsideration and there are presently no related matters pending before the FCC, the question still remains as to whether this court now has jurisdiction over the prematurely-filed petition for review.

This court has in the past dismissed challenges to non-final agency action, even after final agency action has been taken. See Public Citizen v. NRC, 845 F.2d 1105 (D.C.Cir.1988) (petition for review filed before the occurrence of the act to be reviewed is incurably premature under the Waste Act and Hobbs Act); Western Union Telegraph Co. v. FCC, 773 F.2d 375 (D.C.Cir.1985) (petition for review filed after agency action issued but before agency order entered was dismissed as premature).

*Compare Sacks v. Rothberg,* 845 F.2d 1098, 1099 (D.C.Cir.1988) (per curiam) ("appeal taken prematurely effectively ripens and secures appellate jurisdiction when the district court's judgment becomes final prior to disposition of the appeal").

While final agency action can ripen an issue for appellate review, *Western Union Telegraph Co. v. FCC,* 773 F.2d 375 (D.C.Cir.1985), the filing of a challenge to agency action before the agency has issued its decision on reconsideration is incurably premature. We hold therefore that when a petition for review is filed before the challenged action is final and thus ripe for review, subsequent action by the agency on a motion for reconsideration does not ripen the petition for review or secure appellate jurisdiction. To cure the defect, the challenging party must file a new notice of appeal or petition for review from the now-final agency order.[1] We develop this bright line test to discourage the filing of petitions for review until after the agency completes the reconsideration process. If a party determines to seek reconsideration of an agency ruling, it is a pointless waste of judicial energy for the court to process any petition for review before the agency has acted on the request for reconsideration.

Our action today only applies to situations where a party must choose between rehearing before the agency or immediate court review. Where agency rehearing is mandated by statute, those statutes necessarily dictate when a litigant may petition for court review. Even then however, a statutory scheme may permit court review before the agency has issued its order on rehearing. *See, e.g.,* 15 U.S.C. § 717r (1982) (under section 19(a) of the National Gas Act, unless the Federal Energy Regulatory Commission acts upon an application for rehearing within thirty days after it is filed, such application may be deemed to be denied for purposes of judicial review).

In *UTU,* we ruled that this court does not have jurisdiction to review an agency order while a petition for agency reconsideration is pending. We did not have occasion to consider whether final agency action on the reconsideration request can ripen a prematurely-filed petition for review and vest this court with jurisdiction. While we hold today that a prematurely-filed petition does not ripen, we will give this rule prospective effect. Accordingly, we deny the motion to dismiss in this case and permit consideration of the originally-premature petition for review.

---

1. A different case may be presented if a petitioner first seeks court review of a final agency action and then subsequently requests reconsideration before the agency. We have no occasion today to decide whether the court would retain jurisdiction in such a case.