**Booker T. WADE, Jr., Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

No. 92–1621.

United States Court of Appeals, District of Columbia Circuit.

March 5, 1993.

Booker T. Wade, Jr., pro se.

Daniel M. Armstrong, Associate General Counsel, and David Silberman, Counsel, F.C.C., Washington, DC, were on the motion to dismiss for appellee.

Before: MIKVA, Chief Judge; WILLIAMS and SENTELLE, Circuit Judges.

PER CURIAM:

On November 27, 1992 appellant Booker T. Wade, Jr., filed a *pro se* appeal from an order of the Federal Communications Commission ("FCC") striking Wade's *pro se* appearance and dismissing his interlocutory application for review of an administrative law judge's bench ruling admitting, over objections of privilege, certain testimony in an FCC licensing proceeding to which Wade is a party. On November 30, 1992, counsel purporting to represent both Wade "individually" and Black Television Workshop of Los Angeles, Inc. ("BTW"), a non-profit corporation of which Wade is a putative director, filed with the FCC a petition for reconsideration of that same order. The petition for reconsideration includes, among other things, the contention that the FCC improperly struck Wade's appearance and dismissed his *pro se* application for review.

■ It is well established that a party may not simultaneously seek both agency reconsideration and judicial review of an agency's order; a petition for judicial review filed during the pendency of a request for agency reconsideration will be dismissed for lack of jurisdiction. *See United Transp. Union v. ICC ("UTU")*, 871 F.2d 1114, 1116–18 (D.C.Cir.1989). In *Tele-STAR, Inc. v. FCC*, 888 F.2d 132, 134 n. 1 (D.C.Cir.1989) (per curiam), however, this court reserved the question whether it could retain jurisdiction over a petition for review when a party seeks agency reconsideration after filing for judicial review. We have not had further occasion to address this reserved question. *Cf. American Mining Congress v. United States EPA*, 907 F.2d 1179, 1185 (D.C.Cir.1990) (noting that subsequent petition for recon-

sideration "raise[s] the question" of prematurity).

We now hold that Wade's request for agency reconsideration rendered the underlying action nonfinal, regardless of the order of filing. The danger of wasted judicial effort that attends the simultaneous exercise of judicial and agency jurisdiction, *see UTU,* 871 F.2d at 1117 (quoting *Outland v. CAB,* 284 F.2d 224, 227–28 (D.C.Cir.1960)), arises whether a party seeks agency reconsideration before, simultaneous with, or after filing an appeal or petition for judicial review. So long as a request for agency reconsideration remains pending, therefore, Wade's attempt to seek judicial review must be dismissed as "incurably premature." *See TeleSTAR,* 888 F.2d at 134; *cf. Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (timely Rule 59 motion voids notice of appeal, whether filed before or after notice of appeal filed).

We reach this conclusion notwithstanding Wade's assertion that he enjoys "dual status," allowing him to represent interests apart from those he shares with BTW. Whether or not Wade has such interests, it is apparent that he personally is seeking reconsideration by the agency of the same action that he personally challenges in this appeal. That action is accordingly nonfinal, and Wade's appeal must be dismissed.