**TENNESSEE GAS PIPELINE COMPANY, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

.No. 93–1429.

United States Court of Appeals, District of Columbia Circuit.

Nov. 23, 1993.

Robert H. Benna, David Withnell and Patrick A. Johnson were on the motion to dismiss for petitioner.

Jill L. Hall, was on the motion to dismiss for respondent.

Before: WALD, SILBERMAN and WILLIAMS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

## ON MOTION TO DISMISS

PER CURIAM:

Tennessee Gas Pipeline Company ("Tennessee") petitions for review of two Federal Energy Regulatory Commission ("Commission") orders. The first order denied Tennessee's request to impose a "reconciliation surcharge" upon its customers. The second order denied Tennessee's request for rehearing. *See Tennessee Gas Pipeline Co.*, 56 FERC ¶ 61,342 (Aug. 30, 1991); and *Tennessee Gas Pipeline Co.*, 63 FERC ¶ 61,176 (May 7, 1993).

On June 7, 1993, Tennessee filed a "Request for Clarification or Rehearing" of the Commission's May 7th order. On July 6, 1993, Tennessee filed this petition for review. Tennessee believed it was required to seek judicial review within 60 days of the Commission's order dismissing its first request for rehearing. *See* 15 U.S.C. § 717r (providing for the filing of a petition for review within 60 days of the Commission's disposition of a request for rehearing). Tennessee's June 7 request remains pending before the Commission. *See Tennessee Gas Pipeline Co.*, No. RP91–203–031 (July 7, 1993) ("Order Granting Rehearing Solely for the Purpose of Further Consideration").

 It is well-established that a party may not simultaneously seek both agency reconsideration and judicial review of an agency's order. *See Wade v. FCC*, 986 F.2d 1433 (D.C.Cir.1993) (per curiam) (citing cases).[1] Moreover, the court has characterized a petition for review filed while a re-

---

**1.** The court in *Wade* also held that timing is irrelevant—"the danger of wasted judicial effort ... arises whether a party seeks agency reconsid-eration before, simultaneously with, or after filing an appeal or petition for judicial review." 986 F.2d at 1434.

quest for agency reconsideration is pending as "incurably premature." *See TeleSTAR, Inc. v. FCC,* 888 F.2d 132, 133–34 (D.C.Cir.1989) (per curiam) (holding that a premature petition for review must be dismissed for lack of jurisdiction); *United Transportation Union v. ICC,* 871 F.2d 1114, 1116–18 (D.C.Cir.1989) (same).

The same principle applies here. As the parties recognize, Tennessee's initial request for rehearing was a prerequisite to judicial review. *See* 15 U.S.C. § 717r. By filing its *second* request for agency rehearing, which was *not* required by statute, Tennessee chose "between rehearing before the agency or immediate court review." *TeleSTAR,* 888 F.2d at 134.

Accordingly, we hold that Tennessee's petition for review is "incurably premature" and must be dismissed for lack of jurisdiction. Once the Commission has resolved the pending request for rehearing, Tennessee may petition for review of that order as well as the two prior orders. The Commission's motion to dismiss is

*Granted.*