CITY OF NEW ORLEANS,
et al., Petitioners,

v.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,
Respondent,

Chemical Manufacturers Association,
Intervenor.

No. 97–1264.

United States Court of Appeals,
District of Columbia Circuit.

Argued Feb. 19, 1998.

Decided March 10, 1998.

Karen R. Carter, New Orleans, LA, argued the cause for the petitioners. Kenneth M. Carter, New Orleans, LA, was on brief. Robert S. Tongren, Columbus, OH, entered an appearance.

Susan S. McDonald, Counsel, Securities & Exchange Commission, Washington, DC, argued the cause for the respondent. Richard H. Walker, General Counsel, Eric Summergrad, Principal Assistant General Counsel, and Paul Gonson, Solicitor, Washington, DC, were on brief. Susan F. Wyderko, Counsel, Washington, DC, entered an appearance.

Before: EDWARDS, Chief Judge; WILLIAMS and HENDERSON, Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

The petitioners challenge a rule that the Securities and Exchange Commission (SEC) recently promulgated pursuant to subsection 9(c)(3) of the Public Utility Holding Company Act of 1935, codified as amended at 15 U.S.C. §§ 79a et seq., (PUHCA). Because we lack jurisdiction to decide the challenges raised by the petitioners, we dismiss.

On February 14, 1997 the SEC issued an order adopting Rule 58 (codified at 17 C.F.R. § 250.58), which allows certain public utility holding companies to acquire interests in companies that are engaged in certain "energy-related" businesses without first obtaining SEC approval for the acquisition pursuant to sections 9–11 of PUHCA, 15 U.S.C. §§ 79i-79k. On February 25, 1997 the petitioners filed a motion with the SEC, requesting that the agency reconsider its decision to promulgate Rule 58. The petitioners filed a supplemental reconsideration motion on March 4, 1997.

While these motions were pending and in accordance with subsection 24(a) of PUHCA, 15 U.S.C. § 79x(a), the petitioners filed the instant petition for review on April 15, 1997.* The SEC denied the petitioners' motions for reconsideration on December 3, 1997. Because none of the parties briefed the matter of jurisdiction, on February 3, 1998 we issued an order directing them to be prepared to discuss the matter at oral argument.

■ "It is well-established that a party may not simultaneously seek both agency reconsideration and judicial review of an agency's order." Tennessee Gas Pipeline Co. v. FERC, 9 F.3d 980, 980 (D.C.Cir.1993); accord Wade v. FCC, 986 F.2d 1433, 1433 (D.C.Cir.1993). Instead, the party must choose between administrative relief and judicial relief. See Tennessee Gas, 9 F.3d at 981 ("By filing its second request for agency rehearing, which was not required by the statute, [petitioner] chose between rehearing

before the agency or immediate court review.") (emphasis original).

■ If a party pursues administrative and judicial relief concurrently, its petition for judicial review "will be dismissed for lack of jurisdiction." Wade, 986 F.2d at 1433; accord United Transp. Union v. ICC, 871 F.2d 1114, 1118 (D.C.Cir.1989) (similar). Dismissal is required regardless of the order in which the petitions are filed. Wade, 986 F.2d at 1434. Further, a request for administrative reconsideration of any portion of an agency rule renders the entire rule nonfinal. See Bellsouth Corp. v. FCC, 17 F.3d 1487, 1489–90 (D.C.Cir.1994) ("[O]nce a party petitions the agency for reconsideration of an order or any part thereof, the entire order is rendered nonfinal as to that party."). Moreover, even if the agency acts on the administrative reconsideration motion before argument is heard on the judicial review petition, the agency action does not cure the jurisdictional defect. See TeleSTAR, Inc. v. FCC, 888 F.2d 132, 134 (D.C.Cir.1989) ("[T]he filing of a challenge to agency action before the agency has issued its decision on reconsideration is incurably premature.") (emphasis added).

■ In view of the well-established law of this circuit, we conclude that we are without jurisdiction to review the petition because the SEC order to which it is addressed was rendered nonfinal by the petitioners' reconsideration motions. While the SEC did not move for dismissal of the appeal on this ground, we may raise and decide questions of subject matter jurisdiction sua sponte. See Doe v. District of Columbia, 93 F.3d 861, 871 (D.C.Cir.1996). Accordingly, the petition for review is

*Dismissed.*

---

\* Subsection 24(a), in relevant part, recites:

> Any person or party aggrieved by an order issued by the Commission under this chapter may obtain a review of such order ... in the United States Court of Appeals for the District of Columbia[] by filing in such court, within

sixty days after the entry of such order, a written petition praying that the order of the Commission be modified or set aside in whole or in part.