**CLIFTON POWER CORPORATION,**
Petitioner,

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**No. 01–1139.**

United States Court of Appeals,
District of Columbia Circuit.

Argued March 12, 2002.

Decided June 28, 2002.

Carolyn Elefant argued the cause for petitioner. With her on the briefs was Paul V. Nolan.

Judith A. Albert, Attorney, Federal Energy Regulatory Commission, argued the cause for respondent. With her on the brief were Cynthia A. Marlette, General Counsel, and Dennis Lane, Solicitor.

Before: GINSBURG, Chief Judge, and ROGERS and GARLAND, Circuit Judges.

Opinion for the Court filed by Chief Judge GINSBURG.

GINSBURG, Chief Judge:

Clifton Power Corporation petitions for review of an order of the Federal Energy Regulatory Commission imposing a civil penalty in the amount of $15,000. Because the petition is incurably premature, we dismiss it for want of jurisdiction.

## I. Background

Clifton operates a hydroelectric power project on the Pacolet River in South Carolina. In 1991 the Commission issued a Notice of Proposed Penalty against Clifton for failing to install stream-flow monitoring equipment as required by a condition of Clifton's license. *See Clifton Power Corp.*, 54 F.E.R.C. ¶ 61,339, 1991 WL 265520 (Mar. 13, 1991). An Administrative Law Judge determined that the penalty of $148,000 proposed by the staff of the Commission — being $200 for each of 740 days of noncompliance — was "grossly excessive" and reduced the fine to $15,000. *Clifton Power Corp*, 65 F.E.R.C. ¶ ¶ 63,-007, 65,039, 1993 WL 442525 (Oct. 29, 1993). The Commission rejected several of the ALJ's findings and raised the penalty to $122,100 — or $165 for each of the

740 days. *See Clifton Power Corp.*, 69 F.E.R.C. ¶ ¶ 61,087, 61,345–46, 1994 WL 586382 (Oct. 26, 1994).

On review we upheld the Commission's finding that Clifton had violated its license. *See Clifton Power Corp. v. FERC*, 88 F.3d 1258, 1266 (D.C.Cir.1996) (*Clifton I*). We vacated the penalty of $122,100, however, because in rejecting the ALJ's well-supported assessment of the appropriate sanction the Commission had "neither met its responsibility of reasoned decisionmaking nor considered the totality of the evidence." *Id.* at 1271. On remand the Commission adopted the initial decision of the ALJ and reinstated the proposed penalty of $15,000. *See Clifton Power Corp.*, 92 F.E.R.C. ¶ ¶ 61,263, 61,875, 2000 WL 1449549 (Sep. 28, 2000). The Commission denied Clifton's request for rehearing, 94 F.E.R.C. ¶ 61,071, 2001 WL 63065 (Jan. 25, 2001), but granted Clifton's request for a stay pending judicial review, *id.* at ¶ 61,-133.

On February 26, 2001 Clifton filed with the Commission a second "Request for Rehearing and Reconsideration." On March 20, 2001, with the second request still pending before the Commission, Clifton filed the instant petition for judicial review. Eight days later the Commission denied the second request for rehearing. 94 F.E.R.C. ¶ 61,346, 2001 WL 306493 (Mar. 28, 2001).

## II. Analysis

Clifton asserts that the penalty of $15,000 violates the mandate in *Clifton I*, fails to comport with the requirements of the Small Business Regulatory Fairness Enforcement Act, 5 U.S.C. § 601 *et seq.*, is otherwise arbitrary and capricious in violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), and denies it due process of law. The Commission responds that Clifton's second request for adminis-trative reconsideration, although submitted before Clifton had filed its petition for judicial review, rendered the Agency's order imposing the penalty non-final, and thereby ousted the court of jurisdiction.

■ This court is ordinarily without jurisdiction to review an agency action that is not final. *See Cobell v. Norton*, 240 F.3d 1081, 1095 (D.C.Cir.2001); *accord, Papago Tribal Util. Auth. v. FERC*, 628 F.2d 235, 238 (D.C.Cir.1980) (non-final action not subject to review per § 313(b) of Federal Power Act). A request for administrative reconsideration renders an agency's otherwise final action non-final with respect to the requesting party. *See United Transp. Union v. ICC*, 871 F.2d 1114, 1116 (D.C.Cir.1989). Our cases make clear that a petition seeking review of such a non-final action is not only premature but incurably so: "subsequent action by the agency on a motion for reconsideration does not ripen the petition for review or secure appellate jurisdiction." *TeleSTAR, Inc. v. FCC*, 888 F.2d 132, 134 (D.C.Cir. 1989). Instead, the party that had sought administrative reconsideration may, if reconsideration is denied, challenge that denial as well as the agency's original order by filing a timely petition for review of both orders. The time for filing the petition for review is tolled until all proceedings before the agency have been completed. *See ICC v. Bhd. of Locomotive Eng'rs*, 482 U.S. 270, 284, 107 S.Ct. 2360, 2368–69, 96 L.Ed.2d 222 (1987) ("timely petition for administrative reconsideration stay[s] the running of the Hobbs Act's limitation period until the petition had been acted upon by the Commission").

■ When the Commission denied Clifton's first request for rehearing in January, 2001, the Company had 60 days within which to petition for judicial review. *See* 16 U.S.C. § 825*l*(b). During that time Clifton had to choose "between rehearing

before the agency or immediate court review." *Tennessee Gas Pipeline Co. v. FERC,* 9 F.3d 980, 981 (D.C.Cir.1993). Having chosen in February to return to the Commission, Clifton could not seek judicial review until its request for administrative reconsideration was resolved by the Commission on March 28. *See id.* at 980 ("It is well-established that a party may not simultaneously seek both agency reconsideration and judicial review of an agency's order"). The present petition, filed on March 20, before there was a final agency action for the court to review, is therefore incurably premature, and we must dismiss it for lack of jurisdiction.

But stop: Clifton contends that the "unique provisions of the FPA distinguish this case" from any we have dismissed before as incurably premature. Section 313(a) of the FPA provides that the Commission may modify or set aside any order, even after a petition for judicial review has been filed, "until the record in [the] proceeding shall have been filed in a court of appeals," 16 U.S.C. § 825*l*(a); and section 313(b) declares that "[u]pon the filing of [a] petition [the] court shall have jurisdiction, which upon the filing of the record with it shall be exclusive," *id.* § 825*l*(b). Taken together, these provisions contemplate that the Commission and the court will have concurrent jurisdiction over a matter from the time a party petitions for judicial review until the Agency certifies the record to the court, which the Agency must do within 40 days of the filing of the petition, per Federal Rule of Appellate Procedure 17(a). Clifton argues that because the Commission is therefore free to modify its ruling for a time after a petition for review has been filed, no useful purpose is served by forcing the petitioner to wait until the Commission has resolved its pending administrative requests.

This argument is based upon an inaccurate understanding of both § 313(a) and our cases.* This court has held already that a petition lodged pursuant to 15 U.S.C. § 717r(b) — a provision of the Natural Gas Act identical in all relevant respects to § 313 of the FPA — must be dismissed if filed prematurely. *See Tennessee Gas,* 9 F.3d at 981; *see also City of New Orleans v. SEC,* 137 F.3d 638, 639 (D.C.Cir.1998) (dismissing petition filed under similar provision of § 24(a) of the Public Utilities Holding Company Act, 15 U.S.C. § 79x(a)). Nor is § 313 "unique" (or even unusual) in authorizing an agency to revise its decision, even after a petition for review has been filed, until such time as the agency has filed its record with the reviewing court. *See* Act of August 8, 1958, Pub. L. No. 85–791, 72 Stat. 941 § 16 (1958) (amending § 313 and judicial review provisions of 37 other statutes to allow agencies to exercise concurrent jurisdiction). It is the petitioner's request for administrative rehearing, not the agency's authority to reconsider a decision, that renders the agency's decision non-final as to the petitioner and renders the previously-filed petition for judicial review incurably premature. *See Wade v. FCC,* 986 F.2d 1433, 1434 (D.C.Cir.1993) ("Wade's request for agency reconsideration rendered the underlying action nonfinal, regardless of the order of filing").

There is good reason to prohibit any litigant from pressing its cause concurrently upon both the judicial and the administrative fronts: a favorable decision from

---

* On the eve of oral argument, counsel for the Commission advised the court that because Clifton seeks review of a penalty assessment, § 31 of the FPA, 16 U.S.C. § 823b(d)(2)(B), "may govern the procedures for petitioning for review instead of the review provisions of section 313." We need not pass upon the question, however, as we are without jurisdiction under either provision.

the agency might yet obviate the need for review by the court. *See New Orleans*, 137 F.3d at 639. Clifton would have the court receive its petition, place the case on the docket, process the initial submissions of all the parties, and entertain various preliminary motions while at the same time the petitioner undertakes before the Commission to get further relief that would make the case moot and our efforts supererogatory. *See TeleSTAR*, 888 F.2d at 134 ("it is a pointless waste of judicial energy for the court to process any petition for review before the agency has acted on the request for reconsideration"). Those efforts may be multiplied many fold if the petitioner moves the court for a stay of the agency's order pending appeal — which requires a panel of the court to conduct within a few days a searching inquiry encompassing, among other things, whether the petitioner is likely to prevail on the merits of its case, *see Ayuda, Inc. v. Thornburgh*, 919 F.2d 153, 153 (D.C.Cir. 1990). The costs of exercising the judicial power are simply too high to allow a litigant lightly to start down, only opportunistically to abandon, the path of judicial review, *cf. Allen v. Wright*, 468 U.S. 737, 752, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984) ("federal courts may exercise power only in the last resort and as a necessity"); and the same "danger of wasted judicial effort that attends the simultaneous exercise of judicial and agency jurisdiction ... arises whether a party seeks agency reconsideration before, simultaneous with, or after filing an appeal or petition for judicial review," *Wade*, 986 F.2d at 1434.

The Company raises four other arguments, each of which we may reject in short order. First, Clifton contends that the requirement of finality is merely a prudential consideration, with which we may dispense, rather than a jurisdictional prerequisite. Our cases flatly foreclose this argument, *see New Orleans*, 137 F.3d at 639 (petition filed prematurely "will be dismissed for lack of jurisdiction"), and it is of no help to Clifton that the court once purported to waive this requirement, *see TeleSTAR, Inc. v. FCC*, 888 F.2d 132, 134 (D.C.Cir.1989), because there now is no doubt that the questions of jurisdiction cannot be pretermitted, *see Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 1012–13, 140 L.Ed.2d 210 (1998).

Second, Clifton claims that the Commission's denial of its second request for reconsideration "can be deemed as having ripened Clifton's petition for review for jurisdictional purposes." Our precedent, however, makes clear that prematurity is an incurable defect: "even if the agency acts on the administrative reconsideration motion before argument is heard on the judicial review petition," we must dismiss for want of jurisdiction. *New Orleans*, 137 F.3d at 639.

Third, Clifton refers the court to certain arguments that it presented in preliminary filings before this court, which arguments Clifton omitted from its briefs "due to page constraints." We will not countenance Clifton's attempt to circumvent the page limits, however, *see* Fed. R.App. P. 32(a)(B)(i), and we accordingly will not address any arguments that Clifton has not presented in its briefs, *see* Fed. R.App. P. 28(a)(9)(A) (requiring petitioner's brief to contain the litigant's "contentions and the reasons for them").

Lastly, the Company contends that it "need not comply with the jurisdictional prerequisites of seeking rehearing under Section 313" because "this proceeding, although styled as a petition for review, calls upon the court to invoke its inherent powers of mandamus and enforcement to ensure that the Commission has complied with its order" in *Clifton I*. True it is that a "federal appellate court has the authori-

ty, through the process of mandamus, to correct any misconception of its mandate by a lower court or administrative agency subject to its authority." *Office of Consumers' Counsel v. FERC,* 826 F.2d 1136, 1140 (D.C.Cir.1987). Clifton falls far short of making out its entitlement to a writ of mandamus, however; the "remedy of mandamus is reserved for extraordinary circumstances in which the petitioner demonstrates that his right to issuance of the writ is clear and indisputable," *Byrd v. Reno,* 180 F.3d 298, 302 (D.C.Cir.1999).

Our decision in *Clifton I* instructed the Commission that it may neither punish Clifton because other power projects owned by the same licensee had violated the FPA, *see Clifton,* 88 F.3d at 1267, nor "refus[e] to consider record evidence regarding Clifton's inability to pay," *id.* at 1267; and must calculate any penalty according to the statutory factors set out in 16 U.S.C. § 823b(c), *see id.* at 1271. The Commission's decision to adopt the opinion of the ALJ, thereby reducing the proposed penalty to $15,000 from $122,000, presumably reflects the Commission's effort to follow those instructions. In any event, Clifton falls far short of showing that "the writ is necessary to emend a clear error or abuse of discretion." *Venezuela v. Philip Morris Inc.,* 287 F.3d 192, 198 (D.C.Cir. 2002).

### III.  Conclusion

Having determined that we are without jurisdiction to consider Clifton's petition, and that Clifton is not entitled to a writ of mandamus to enforce our mandate in *Clifton I,* we do not address Clifton's arguments on the merits. For the foregoing reasons, the petition for review is

*Dismissed.*