# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 20, 2006        Decided December 22, 2006

No. 05-1209

WILLISTON BASIN INTERSTATE PIPELINE COMPANY,
PETITIONER

v.

FEDERAL ENERGY REGULATORY COMMISSION,
RESPONDENT

MONTANA CONSUMER COUNSEL
AND SOUTH DAKOTA PUBLIC UTILITIES COMMISSION
INTERVENORS

———

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

———

*Robert T. Hall, III* argued the cause for petitioner. With him on the briefs was *Andrea C. Wolfman*.

*Michael E. Kaufmann*, Attorney, Federal Energy Regulatory Commission, argued the cause for respondent. With him on the brief were *John S. Moot*, General Counsel, and *Robert H. Solomon*, Solicitor.

*Robert A. Jablon* and *Thomas C. Trauger* were on the brief for intervenors Montana Consumer Counsel and South Dakota Public Utilities Commission.

Before:  GARLAND and BROWN, *Circuit Judges*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* EDWARDS.

EDWARDS, *Senior Circuit Judge*:  Williston Basin Interstate Pipeline Co. ("petitioner") seeks judicial review of three Federal Energy Regulatory Commission ("FERC" or "Commission") orders:  *Williston Basin Interstate Pipeline Co.*, 104 F.E.R.C. ¶ 61,036 (2003) ("*Initial Order*"); *Williston Basin Interstate Pipeline Co.*, 107 F.E.R.C. ¶ 61,164 (2004) ("*Rehearing Order*"); and *Williston Basin Interstate Pipeline Co.*, 111 F.E.R.C. ¶ 61,102 (2005) ("*Compliance Order*").  The Commission contends that the petition for review should be dismissed, because this court lacks jurisdiction under section 19 of the Natural Gas Act ("NGA"), 15 U.S.C. § 717r, to consider the merits of Williston's claims.

Two provisions of the NGA control the disposition of this case.  First, section 19(a) provides:

> *Any person . . . aggrieved by an order issued by the Commission . . . may apply for a rehearing within thirty days after the issuance of such order.*  The application for rehearing shall set forth specifically the ground or grounds upon which such application is based.  Upon such application the Commission shall have power to grant or deny rehearing or to abrogate or modify its order without further hearing.  Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied.  *No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon.*

15 U.S.C. § 717r(a) (emphases added).  Second, section 19(b) provides:

> Any party to a proceeding under this chapter aggrieved by an order issued by the Commission . . . may obtain a review of such order in the court of appeals . . . by filing in such court, *within sixty days after the order of the Commission upon the application for rehearing*, a written petition praying that the order of the Commission be modified or set aside in whole or in part. . . .  Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part.  *No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do.*

15 U.S.C. § 717r(b) (emphases added).  In light of these provisions, the Commission argues that

> Williston's petition for review should be dismissed for lack of jurisdiction because, in contravention of NGA Section 19, 15 U.S.C. § 717r:  (1) Williston failed to file a timely petition for review of the Rehearing Order; (2) although it filed a timely petition for review of the Compliance Order, Williston was not aggrieved by that order; (3) assuming, *arguendo*, that Williston was aggrieved by the Compliance Order, it never sought rehearing of that order as required by the NGA; and (4) Williston's "Request for Clarification and Reconsideration," filed 34 days after the issuance of the Rehearing Order, did not qualify as a timely rehearing request under the NGA and therefore did not toll the time for filing a timely petition for review.

FERC's Br. at 3.  We largely agree.

Williston concedes that FERC's May 2004 *Rehearing Order* was a final, non-conditional order that was subject to judicial review. Instead of filing a petition for review with this court within 60 days of the *Rehearing Order*, however, or even a timely petition for further rehearing by FERC within 30 days of the *Rehearing Order*, petitioner filed a self-styled "Request for Clarification and Reconsideration of the Rehearing Order" ("RCR"). The RCR was filed 34 days after FERC's *Rehearing Order*, *i.e.*, outside the time permitted for the filing of a request for rehearing.

Petitioner argues that the RCR tolled the limitations period under 15 U.S.C. § 717r(b), and contends that the clock did not begin to run on the time limit for seeking judicial review until FERC issued the *Compliance Order* on April 19, 2005. These claims fail, however, because the agency action about which petitioner now complains is embodied in FERC's *Rehearing Order* and petitioner did not seek timely review of that order. We therefore dismiss Williston's petition for want of jurisdiction.

## I. BACKGROUND

The NGA, 15 U.S.C. §§ 717-717z, regulates "matters relating to the transportation of natural gas and the sale thereof in interstate and foreign commerce." 15 U.S.C. § 717(a). "[T]he Commission may act under two different sections of the [NGA] to effect a change in a gas company's rates. When the Commission reviews rate increases that a gas company has proposed, it is subject to the requirements of section 4(e) of the Act, 15 U.S.C. § 717c(e). Under section 4(e), the gas company bears the burden of proving that its proposed rates are reasonable." *Algonquin Gas Transmission Co. v. FERC*, 948 F.2d 1305, 1311 (D.C. Cir. 1991). However, "when the Commission seeks to impose its own rate determinations, rather than accepting or rejecting a change proposed by the gas company, it must do so in compliance with section 5(a) of the

NGA." *Id.* "Section 5 imposes the burden of proof on the Commission to demonstrate that *existing* rates are unjust and unreasonable." *Tenn. Gas Pipeline Co. v. FERC*, 860 F.2d 446, 449 (D.C. Cir. 1988). "[T]he Commission must affirmatively show that any rate it imposes in a § 4 remedial order as a revision or modification in the filed tariff satisfies the § 5 requirement that such rate be just and reasonable." *Id.* at 447 (footnote omitted).

Section 4 of the NGA states that a pipeline may not institute a rate increase "except after thirty days' notice to the Commission and to the public." 15 U.S.C. § 717c(d). "Pending its decision under § 4, the Commission may 'suspend the operation . . . and defer the use' of a proposed rate for up to five months. Thereafter the rate 'shall go into effect,' but 'the Commission may, by order, require the natural-gas company . . . to refund any amounts' later found by the Commission to be unjust and unreasonable. 15 U.S.C. § 717c(e)." *ChevronTexaco Exploration & Prod. Co. v. FERC*, 387 F.3d 892, 897 (D.C. Cir. 2004); *see also Nat'l Fuel Gas Supply Corp. v. FERC*, 899 F.2d 1244 (D.C. Cir. 1990). No such refund authority exists when the Commission orders a reduction in rates under section 5. *See Sea Robin Pipeline Co. v. FERC*, 795 F.2d 182, 184 (D.C. Cir. 1986) ("FERC's remedial power under section 5 is limited to prospective relief: the Commission cannot order a refund of past payments made under the revoked rate.").

---

On December 1, 1999, petitioner submitted to the Commission a general rate increase filing pursuant to section 4. The Commission issued an order suspending the effective date of the proposed rates until June 1, 2000, docketed the case for hearing, and referred the matter to an Administrative Law Judge ("ALJ"). *Williston Basin Interstate Pipeline Co.*, 89 F.E.R.C. ¶ 61,330 (1999). On May 9, 2001, following an extensive hearing, the ALJ issued a decision taking issue with the

depreciation methodology employed by Williston in arriving at the increased rates. The Commission's *Initial Order*, issued on July 3, 2003, affirmed in part and reversed in part the ALJ's decision. The Commission rejected the proposed rates, ordered Williston to make a compliance filing containing reasonable rates, and ordered Williston to issue refunds once the Commission ruled upon the compliance filing. *Initial Order*, 104 F.E.R.C. ¶ 61,036, at 61,112. Williston made the required compliance filing, but also filed a timely request for rehearing of the *Initial Order*, arguing that Commission-initiated rate changes could only have prospective application. The Commission rejected Williston's request for rehearing on May 11, 2004. *Rehearing Order*, 107 F.E.R.C. ¶ 61,164. On April 19, 2005, the Commission rejected Williston's compliance filing, established appropriate rates, and ordered Williston to disburse refunds within 30 days. *Compliance Order*, 111 F.E.R.C. ¶ 61,102.

In its brief to this court, Petitioner's Br. at 13, and during oral argument, Recording of Oral Argument at 4:02, petitioner conceded that FERC's *Rehearing Order* was a final order with respect to which judicial review could have been sought. *See also Canadian Ass'n of Petroleum Producers v. FERC*, 254 F.3d 289, 296 (D.C. Cir. 2001) ("[A] party that has petitioned for rehearing and seen its petition denied without significant modification to the order may then proceed directly to court without filing a new petition for rehearing of the denial; imposing an additional rehearing requirement in this situation would lead to infinite regress and serve no useful end."). However, Williston failed to file a timely petition for judicial review within 60 days. Williston also failed to file a timely petition for further agency rehearing within 30 days. *See id.* at 296-97 (After a petition for rehearing has been denied by FERC, it is "only on matters where the rehearing order introduces a new source of complaint need the party file another rehearing petition."). Instead, Williston filed a document labeled "Request

for Clarification and Reconsideration of the Rehearing Order" 34 days after the Commission issued the *Rehearing Order*, *i.e.*, on a date that was beyond the deadline for filing a request for further rehearing.

## II. ANALYSIS

As noted above, a party aggrieved by a Commission order "may apply for a rehearing within thirty days after the issuance of such order." 15 U.S.C. § 717r(a). The complaining party then has "sixty days after the order of the Commission *upon the application for rehearing*" to file a petition for review in the appropriate court of appeals. 15 U.S.C. § 717r(b) (emphasis added). If a party does not seek rehearing, no judicial review is available. *United Mun. Distribs. Group v. FERC*, 732 F.2d 202, 205 n.2 (D.C. Cir. 1984) ("An application for rehearing is a jurisdictional prerequisite to judicial review of Commission orders under the NGA. 15 U.S.C. § 717r(a) (1982)."). If rehearing is sought, judicial review is available only if a party files within 60 days of the agency's ruling on rehearing. The 60-day limitations provision is jurisdictional. *See Nephi, Utah v. FERC*, 147 F.3d 929, 933-34 (D.C. Cir. 1998).

Williston argues that "[t]his Court has held that the filing of a request for administrative reconsideration renders an agency decision nonfinal and tolls the time for filing a petition for review," citing *Clifton Power Corp. v. FERC*, 294 F.3d 108 (D.C. Cir. 2002); *Bellsouth Corp. v. FCC*, 17 F.3d 1487 (D.C. Cir. 1994); and *Tennesee Gas Pipeline Co. v. FERC*, 9 F.3d 980 (D.C. Cir. 1993) (per curiam). Petitioner's Br. at 9, 12-13. Thus, "[i]t does not matter," Williston claims, "whether agency reconsideration is sought through a petition for rehearing under Section 19(a) of the Natural Gas Act or another form of filing because the Court's rulings are founded on the need to conserve judicial resources." *Id.* at 9. The problem with Williston's argument is that it ignores the Supreme Court's holding in *ICC v. Brotherhood of Locomotive Engineers* that only a "*timely*

petition for administrative reconsideration stay[s] the running of [a statutory] limitation period until the petition [for reconsideration] had been acted upon." 482 U.S. 270, 284 (1987) (emphasis added).

The three cases from this court upon which Williston relies all involved *timely* requests for reconsideration. And all three cases adhere to the teachings of *Locomotive Engineers*. In *Clifton Power Corp.*, we stated expressly that a "timely petition for administrative reconsideration stay[s] the running of the . . . limitation period." 294 F.3d at 110 (citing *Locomotive Eng'rs*, 482 U.S. at 284). The decision in *Bellsouth Corp.* relies on *United Transportation Union v. ICC*, 871 F.2d 1114 (D.C. Cir. 1989), *see* 17 F.3d at 1489-90, which in turn rests on *Locomotive Engineers* for the proposition that a *timely* petition for reconsideration stays the limitations period for judicial review, *see* 871 F.2d at 1117-18. The decision in *Tennessee Gas Pipeline Co.* also relies on the relevant portion of *United Transportation Union*. *See* 9 F.3d at 981. In *Tennessee Gas Pipeline Co.*, after its first petition for rehearing was denied, the petitioner filed a second request for rehearing *within 30 days* of the agency's first rehearing order; because the second petition for rehearing was timely and still pending when judicial review was sought, the petition for review was dismissed as premature. In sum, none of the cases cited by petitioner holds that an *untimely* request for reconsideration tolls the running of the limitations period for judicial review. Indeed, such a holding would fly in the face of the jurisdictional requirements of the NGA and the Court's decision in *Locomotive Engineers*.

Williston's RCR was not a *timely* petition for rehearing or reconsideration, because it was filed 34 days after FERC's *Rehearing Order*. In light of the requirements of 15 U.S.C. § 717r(a) – an aggrieved party "may apply for a rehearing within thirty days after the issuance of [FERC's] order" – and 15 U.S.C. § 717r(b) – a complaining party has "sixty days after the

order of the Commission upon the application for rehearing" to file a petition for review – the RCR could not possibly establish a basis for judicial review of the Commission's *Rehearing Order*. As previously noted, an application for rehearing is a jurisdictional prerequisite to judicial review of Commission orders under the NGA, *United Mun. Distribs. Group*, 732 F.2d at 205 n.2, but it cannot serve this function if it is not timely filed under 15 U.S.C. § 717r(a). Williston readily acknowledges that it "could have filed a petition for review within 60 days of [the Commission's May 2004 *Rehearing Order*]." *See* Petitioner's Br. at 13. Having failed to do so, it cannot now secure the jurisdiction of this court to gain review of that order.

To avoid the obvious jurisdictional bar to its petition for review, Williston argues that the 60-day clock for seeking judicial review began to run only after the Commission issued its *Compliance Order*. This argument is meritless. The agency action of which Williston now seeks review is embodied in the Commission's *Rehearing Order*, and Williston never filed a timely petition for review of that order.

Williston claims that it feared the imposition of sanctions by this court if it filed a petition for judicial review while its RCR was "pending." Petitioner's Br. at 16. This claim lacks credence. The court's order in *Williston Basin Interstate Pipeline Co. v. FERC*, No. 99-1311 (D.C. Cir. Oct. 12, 1999), upon which Williston grounds its fear of sanction, is plainly inapposite. In that case, the petitioner first filed a *timely* request for rehearing with the Commission and then filed a petition for review with this court while the timely petition for rehearing was still pending before the Commission. We concluded that the petition was "incurably premature" and ordered the petitioner to show cause why we should not assess sanctions. *Id.*; *see also Clifton Power Corp.*, 294 F.3d at 110 ("Our cases make clear that a petition seeking review of such a non-final action is not only premature but incurably so . . . ."). In this

case, Williston never filed a *timely* second petition for rehearing of the *Rehearing Order*. Had Williston filed a timely petition for judicial review of the *Rehearing Order*, which it knew to be a final order subject to judicial review, this court would have been obliged to consider the petition on its merits.

The logical extension of Williston's argument, which we cannot accept, is that a petitioner can file a request for reconsideration of a Commission order whenever it desires, and that such filing tolls the 60-day statute of limitations for judicial review. This would wreak havoc with the jurisdictional requirements of the NGA. A party cannot be allowed to file a self-styled request for "reconsideration" outside of the explicit time limits for requests for rehearing in order to avoid the jurisdictional requirements for obtaining judicial review. Were we to endorse such a rule, we would vitiate both the statutory requirement governing the timely filing of a request for rehearing with the agency (a prerequisite to judicial review), and the statutory limitation period for judicial review. We have no authority to rewrite the statute in this way.

### III. CONCLUSION

There is no doubt that the time requirements of 15 U.S.C. § 717r(a), (b) of the NGA establish jurisdictional requirements. *See Moreau v. FERC*, 982 F.2d 556, 562-63 (D.C. Cir. 1993) (holding that "the time requirements of the statute are as much a part of the jurisdictional threshold as the mandate to file for a rehearing" and that "the time limit[s] must be strictly construed and may not be waived by FERC or evaded by the courts") (citations omitted). Statutory jurisdictional requirements, such as the provisions of 15 U.S.C. § 717r, are not mere technicalities that can be brushed aside by a court. And a petitioner cannot escape the NGA's jurisdictional requirements by filing an untimely or procedurally defective request for reconsideration. *See Moreau*, 982 F.2d at 563 (holding that, in a case in which petitioners did not move for rehearing of FERC's order until

approximately eight months after the order issued, the court would not "exempt from the time limit those who, like petitioners, choose to sit on the sidelines to wait and see what happens in FERC proceedings"). The simple point here is that "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1244 (2006); *see also Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (if a statutory requirement is jurisdictional, "a court cannot excuse it"). It is absolutely clear in this case that, because Williston failed to satisfy the jurisdictional requirements of the NGA, we lack jurisdiction to consider its petition for review.