James RIFFIN, Petitioner

v.

SURFACE TRANSPORTATION BOARD and United States of America, Respondents

City of Norfolk, Virginia and Norfolk Southern Railway Company, Intervenors.

No. 07–1483.

United States Court of Appeals, District of Columbia Circuit.

April 22, 2009.

Rehearing En Banc Denied June 18, 2009.

James Riffin, Timonium, MD, pro se.

Ellen D. Hanson, Deputy General Counsel, Craig Mitchell Keats, Associate General Counsel, Evelyn Goldsmith Kitay, Attorney, Erik Gerrard Light, Surface Transportation Board (STB) Office Of General Counsel, Thomas Overton Barnett, Federal Communications Commission (FCC) Office Of General Counsel, John P. Fonte, Robert B. Nicholson, U.S. Department of Justice, Washington, DC, for Respondents.

Henry Dejarnette Light, David Harlan Sump, Crenshaw, Ware & Martin, PLC, Norfolk, Va, Richard Allison Allen, Jolyon A. Silversmith, Zuckert, Scoutt & Rasenberger, LLP, Washington, DC, for Intervenors.

Before: SENTELLE, Chief Judge, GARLAND and BROWN, Circuit Judges.

### JUDGMENT

PER CURIAM.

This petition for review was considered on the record from the Surface Transportation Board ("STB" or "Board") and on the briefs filed by the parties. See FED. R.APP. P. 34(a)(2); D.C. CIR. R. 34(j). The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C. CIR. R. 36(b). It is

**ORDERED** and **ADJUDGED** that the petition be dismissed on the ground that it is incurably premature.

James Riffin challenges the Board's decision to exempt Norfolk Southern Railway Company from the forced-sale provisions that apply when an offer of financial assistance has been made in a rail line abandonment proceeding. Following that decision, Riffin filed a petition to reopen with

the Board, *see* Petitioner's Supp. Br. 2–3, 8–9 (confirming that the filing was intended as a petition to reopen, despite being mislabeled), and then filed the instant petition for judicial review while the petition to reopen was still pending. Although the Board's regulations generally allow reopening petitions to be filed at any point, 49 C.F.R. § 1115.4, they require such petitions to be filed within 15 days of service of a final rail line abandonment decision if the petitioner wants the Board to consider his or her request before the abandonment authorization becomes effective, *id.* § 1152.25(e)(2)(i); *see also id.* § 1152.60(a) (providing that the special rules applicable to abandonment proceedings "control in case of any conflict with the general exemption rules"); *id.* § 1152.25(e)(1) (same). Riffin's petition met this 15–day requirement, as well as the generic 20–day requirement for petitions for reconsideration, *id.* § 1115.3(e).

By filing a timely petition to reopen, Riffin rendered the Board's decision nonfinal—and hence nonreviewable—with respect to him. "Our caselaw treats a [timely] petition for review filed during the pendency of a request for administrative reconsideration as 'incurably premature,' and in effect a nullity." *Gorman v. NTSB*, 558 F.3d 580, 586 (D.C.Cir.2009) (internal quotation marks and brackets omitted); *see Clifton Power Corp. v. FERC*, 294 F.3d 108, 110–12 (D.C.Cir.2002) (summarizing and applying incurable prematurity doctrine). The fact that the petition sought reopening rather than reconsideration is of no moment. *See United Transp. Union v. ICC*, 871 F.2d 1114, 1116–18 (D.C.Cir.1989) (finding incurable prematurity when petitioners had a pending request to "reopen" the record before the STB's predecessor); *cf. ICC v. Brotherhood of Locomotive Engineers*, 482 U.S. 270, 284–86, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) (holding that an administrative petition which was "in effect a petition to reopen" tolled the Hobbs Act time limits for seeking judicial review); *Stone v. INS*, 514 U.S. 386, 391, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (stating that the Court's holding in *Locomotive Engineers* applies when "there is a motion to reconsider *or* reopen an agency's order") (emphasis added). Nor is it of any moment that Riffin's petition to reopen has by now been denied by the Board. *See Clifton Power Corp.*, 294 F.3d at 112; *TeleSTAR, Inc. v. FCC*, 888 F.2d 132, 134 (D.C.Cir.1989) (per curiam). And because the petition met the 15–day requirement of 49 C.F.R. § 1152.25(e)(2)(i), we need not decide whether the incurable prematurity doctrine would apply to a litigant who files a petition to reopen with the Board more than 15 days after service of an abandonment decision.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.