JUDGMENT

PER CURIAM.
This petition for review was considered on the record from the Surface Transportation Board (“STB” or “Board”) and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C. Cir. R. 34(j). The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C. Cir. R. 36(b). It is
ORDERED and ADJUDGED that the petition be dismissed on the ground that it is incurably premature.
James Riffin challenges the Board’s decision to exempt Norfolk Southern Railway Company from the forced-sale provisions that apply when an offer of financial assistance has been made in a rail line abandonment proceeding. Following that decision, Riffin filed a petition to reopen with *752 the Board, see Petitioner’s Supp. Br. 2-3, 8-9 (confirming that the filing was intended as a petition to reopen, despite being mislabeled), and then filed the instant petition for judicial review while the petition to reopen was still pending. Although the Board’s regulations generally allow reopening petitions to be filed at any point, 49 C.F.R. § 1115.4, they require such petitions to be filed within 15 days of service of a final rail line abandonment decision if the petitioner wants the Board to consider his or her request before the abandonment authorization becomes effective, id. § 1152.25(e)(2)(i); see also id. § 1152.60(a) (providing that the special rules applicable to abandonment proceedings “control in case of any conflict with the general exemption rules”); id. § 1152.25(e)(1) (same). Riffin’s petition met this 15-day requirement, as well as the generic 20-day requirement for petitions for reconsideration, id. § 1115.3(e).
By filing a timely petition to reopen, Riffin rendered the Board’s decision nonfi-nal — and hence nonreviewable — with respect to him. “Our caselaw treats a [timely] petition for review filed during the pendency of a request for administrative reconsideration as ‘incurably premature,’ and in effect a nullity.” Gorman v. NTSB, 558 F.3d 580, 586 (D.C.Cir.2009) (internal quotation marks and brackets omitted); see Clifton Power Corp. v. FERC, 294 F.3d 108, 110-12 (D.C.Cir.2002) (summarizing and applying incurable prematurity doctrine). The fact that the petition sought reopening rather than reconsideration is of no moment. See United Transp. Union v. ICC, 871 F.2d 1114, 1116-18 (D.C.Cir.1989) (finding incurable prematurity when petitioners had a pending request to “reopen” the record before the STB’s predecessor); cf. ICC v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 284-86, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) (holding that an administrative petition which was “in effect a petition to reopen” tolled the Hobbs Act time limits for seeking judicial review); Stone v. INS, 514 U.S. 386, 391, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (stating that the Court’s holding in Locomotive Engineers applies when “there is a motion to reconsider or reopen an agency’s order”) (emphasis added). Nor is it of any moment that Riffin’s petition to reopen has by now been denied by the Board. Sec Clifton Power Corp., 294 F.3d at 112; TeleSTAR, Inc. v. FCC, 888 F.2d 132, 134 (D.C.Cir.1989) (per curiam). And because the petition met the 15-day requirement of 49 C.F.R. § 1152.25(e)(2)(i), we need not decide whether the incurable prematurity doctrine would apply to a litigant who files a petition to reopen with the Board more than 15 days after service of an abandonment decision.
The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C. Cm. R. 41.