4

**Richard BAYLES, Petitioner**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

No. 11–1008.

United States Court of Appeals, District of Columbia Circuit.

Feb. 9, 2012.

Mark W. Delaquil, Joseph Lloyd Manson, III, Esquire, Baker & Hostetler, LLP, Washington, DC, for Petitioner.

Ian James Samuel, Michael Jay Singer, Tony West, U.S. Department of Justice, Washington, DC, for Respondent.

Before: ROGERS and KAVANAUGH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

### *JUDGMENT*

This case was considered on the record from the agency and on the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the petition for review be dismissed.

Richard Bayles petitions for review of an order of the Federal Aviation Administration denying his application for a certificate of amateur-built airworthiness. We dismiss the petition as untimely.

In 2006 Bayles applied for an amateur-built airworthiness certification for an aircraft he says he built himself. An official at the FAA's Orlando office inspected his aircraft and on July 28, 2006 denied his application. Bayles sought successive layers of internal agency review of the denial of his application, eventuating in his letter

of April 23, 2008 to the Administrator of the agency. The Associate Administrator for Aviation Safety, acting on behalf of the Administrator, denied Bayles's request. That was on July 9, 2008. On September 11, 2008, 64 days later, Bayles again wrote to the Administrator, as he did several more times thereafter. The Administrator, through the Associate Administrator for Aviation Safety, reiterated the FAA's position "that Mr. Bayles' aircraft . . . is not eligible for an experimental airworthiness certificate as an amateur-built aircraft." The Administrator's last letter, dated December 7, 2010, stated "there are no new facts or information that would require the FAA to once again reconsider its position."

■ Bayles then petitioned this court for review of the December 7 decision. In response to the Government's suggestion that the petition was untimely, Bayles maintained that he was seeking review of the "continuous administrative process" culminating in the Agency's December 7, 2010 Order: "At no point before December 7, 2010 were the FAA's actions sufficiently final as to require a petition for review be brought."

Although the FAA contends its "final agency action" regarding Bayles's application was expressed in its letter from the Orlando office dated July 28, 2006, we need not address the legal status of any correspondence between the parties prior to that of July 9, 2008: The Administrator's letter of that date is a definitive decision by the highest authority within the agency. Therefore, Bayles's later letters to the Administrator were merely requests for reconsideration, each of which the Administrator denied without reopening the case. *Cf. ICC v. Brotherhood of Locomotive Engineers,* 482 U.S. 270, 280, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987) ("Where a party petitions an agency for reconsideration . . . on the same record

that was before the agency when it rendered its original decision, an order which merely denies rehearing of the prior order is not itself reviewable" (internal quotation marks and alterations omitted)). The agency's responses to Bayles's repeated letters to the Administrator simply informed him the FAA saw no reason to revisit its denial of his application. *See id.* ("Where the [agency's] formal disposition is to deny reconsideration, and where it makes no alteration in the underlying order, we will not undertake an inquiry into whether reconsideration 'in fact' occurred"). Those responses are therefore unreviewable denials of his requests for reconsideration, and the last potentially reviewable agency action was the order of July 9, 2008.

■ Bayles filed his request for reconsideration of that order on September 11, 2008, some 64 days after it was issued. Judicial review of an order of the FAA is subject to a 60-day filing deadline unless there are "reasonable grounds for not filing by the 60th day." 49 U.S.C. § 46110(a). Bayles has alleged no ground, reasonable or otherwise, for his failure to petition for review within 60 days of July 9, 2008, that is, by September 8, 2008. He does not deny having received notice of the Administrator's decision. *See Avia Dynamics, Inc. v. FAA,* 641 F.3d 515, 518–20 (D.C.Cir.2011). He does not claim he had any basis during those 64 days for believing the FAA would on its own initiative change its decision to deny his application. Nor does Bayles allege he had any other correspondence with the agency between July 9 and September 11, 2008. Even assuming that, in the absence of a formal procedure for reconsideration by the agency, a timely request for reconsideration would have tolled the September 8 deadline for filing a petition for judicial review, *see Williston Basin Interstate Pipeline Co.*

*v. FERC,* 475 F.3d 330, 336 (D.C.Cir.2006), Bayles's request for reconsideration would not have tolled the clock because he did not file it before the time to seek judicial review had lapsed on September 8.

In sum, Bayles's petition is untimely because the 60–day window for seeking judicial review of the last potentially reviewable agency action expired before he requested reconsideration by the agency on September 11, 2008 and well before he filed the petition for review in this court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.