No. 13-1074

September Term, 2014

FERC-Project-2165-049

**Filed On:** January 30, 2015

Smith Lake Improvement and Stakeholders
Association,

        Petitioner

    v.

Federal Energy Regulatory Commission, et al.,

        Respondents

-----------------------------
Alabama Power Company,
        Intervenor

**BEFORE:**    Garland, Chief Judge; Henderson, Rogers, Tatel, Brown,* Griffith, Kavanaugh, Srinivasan, Millett, Pillard, and Wilkins,* Circuit Judges; and Silberman,* Senior Circuit Judge

## O R D E R

      Upon consideration of petitioner's petition for rehearing en banc and the responses thereto; the motion for invitation to file brief of amicus curiae and the lodged brief amicus curiae; and the absence of a request by any member of the court for a vote on the petition for rehearing en banc, it is

      **ORDERED** that the motion for invitation to file brief of amicus curiae be denied. The Clerk is to note the docket accordingly.  It is

      **FURTHER ORDERED** that the petition for rehearing en banc be denied.

### Per Curiam

                                    **FOR THE COURT:**
                                    Mark J. Langer, Clerk

                  BY:    /s/
                          Jennifer M. Clark
                          Deputy Clerk

* A separate statement by Circuit Judges Brown and Wilkins and Senior Circuit Judge Silberman is attached.

No. 13-1074                                      September Term, 2014

### STATEMENT OF CIRCUIT JUDGES BROWN AND WILKINS AND SENIOR CIRCUIT JUDGE SILBERMAN

Petitioner Smith Lake Improvement and Stakeholders Association tells us that our own prior cases have reached conflicting results on whether an unnecessary second petition for rehearing before FERC tolls the statutory period in which to seek judicial review of an underlying order issued pursuant to the Federal Power Act. It points, as in its initial briefing, to language in *Clifton Power Corp. v. FERC*, 294 F.3d 108, 110 (D.C. Cir. 2002), and *Tennessee Gas Pipeline Co. v. FERC*, 9 F.3d 980, 981 (D.C. Cir. 1993), which could be read to suggest that time may be tolled. And it notes that this language appears inconsistent with *Western Area Power v. FERC*, 525 F.3d 40, 52-53 (D.C. Cir. 2008), which held that time may *not* be tolled in such circumstances. The problem for Petitioner is that it seeks to defeat the holding of *Western Area Power* with dicta from the earlier cases. It can no more succeed in that quest on rehearing than it did in the first instance. *See, e.g., Gersman v. Grp. Health Ass'n, Inc.*, 975 F.2d 886, 897 (D.C. Cir. 1992) ("Binding circuit law comes only from the holdings of a prior panel, not from its dicta.").

We are not wholly unsympathetic to Petitioner. It suggests that it relied on the fact that the first rehearing order did not state that further rehearing would not lie. Indeed, FERC's briefing supports the notion that it may have invited the second rehearing petition, expressly or by implication. In this case, FERC noted on the original order that "[t]he licensee's failure to file a request for rehearing shall constitute acceptance of this order." Alabama Power Co., 130 FERC ¶ 62,271, 64,719 (2010). On the first rehearing order, it gave no further rehearing guidance. *See* Alabama Power Co., 141 FERC ¶ 61,127 (2012). And on the second rehearing order, even after finding that the second rehearing petition was unnecessary, it declared that its notice constituted "final agency action" and advised that "[r]equests for rehearing by the Commission of this rejection must be filed within 30 days of the date of issuance of this notice." Alabama Power Co., 142 FERC ¶ 61,039 (2013). This was not an isolated incident for FERC. *See, e.g.,* Northland Power Mississippi River LLC, 140 FERC ¶ 61,099 (2012) (declaring order denying unnecessary second rehearing request to be "final agency action" and inviting requests for rehearing of the rejection notice within 30 days). It would help interested parties to its decisions if FERC took greater care with this type of guidance. But FERC's annotations of its own orders do not empower Petitioner to make an end-run around *Western Area Power*'s interpretation of the statute that creates our limited jurisdiction for review.

The rehearing petition before us does raise a valid point about our comment on a scenario, not presented here, in which the significance of a change in result in a Commission rehearing order is unclear. FERC correctly notes that its 30-day window to accept a rehearing request is jurisdictional, like the time limit for judicial review. *See Cities of Campbell v. FERC*, 770 F.2d 1180, 1183 (D.C. Cir. 1985). Accordingly, the panel is issuing an order and amended opinion.