KAVANAUGH, Circuit Judge,
dissenting:
Petitioners American Bird Conservancy and Forest Conservation Council are concerned about the effects of communications towers on birds. Here, they challenge an FCC order that addressed the requirements of federal environmental laws for communications towers in the Gulf Coast region of the United States. I would dismiss their lawsuit as unripe because the FCC, in a separate rulemaking proceeding, is re-examining these environmental issues *1036 and considering the effects of communications towers on birds nationwide, including in the Gulf Coast region. The Commission has gathered considerable factual information and input from interested parties — including from the petitioners in this case — and the FCC’s counsel represented to the Court that the Commission expects to act soon.
This case is thus closely analogous to a situation in which a petitioner comes to court to challenge an agency order while the agency is still considering a petition for reconsideration. We routinely dismiss such cases. See, e.g., Melcher v. FCC, 134 F.3d 1143, 1163 (D.C.Cir.1998) (“If a party determines to seek reconsideration of an agency ruling, it is a pointless waste of judicial energy for the court to process any petition for review before the agency has acted on the request for reconsideration.”) (internal quotation marks omitted); Wade v. FCC, 986 F.2d 1433, 1434 (D.C.Cir.1993) (“The danger of wasted judicial effort that attends the simultaneous exercise of judicial and agency jurisdiction arises whether a party seeks agency reconsideration before, simultaneous with, or after filing an appeal or petition for judicial review.”) (citation omitted).
Even if the Gulf Coast order in isolation is technically final, our ripeness precedents suggest that, at least in these unusual circumstances, we should allow the ongoing administrative process to run its course before we intervene. See Devia v. NRC, 492 F.3d 421, 424 (D.C.Cir.2007) (“Article III courts should not make decisions unless they have to.”) (internal quotation marks omitted); Toca Producers v. FERC, 411 F.3d 262, 266 (D.C.Cir.2005) (although the challenged orders appeared to be “final agency action within the meaning of the Administrative Procedure Act,” orders were not “sufficiently final” for judicial review because agency’s action in separate docket could “resolv[e] the issues raised” in the appeal) (internal quotation marks omitted); Friends of Keeseville, Inc. v. FERC, 859 F.2d 230, 236 (D.C.Cir.1988) (court “may properly give weight to the interests in judicial economy that are furthered by the avoidance of unnecessary adjudication”); cf. Nat’l Treasury Employees Union v. United States, 101 F.3d 1423, 1431 (D.C.Cir.1996) (describing the “usually unspoken element of the rationale underlying the ripeness doctrine: If we do not decide it now, we may never need to. Not only does this rationale protect the expenditure of judicial resources, but it comports with our theoretical role as the governmental branch of last resort.”).
Dismissing this case on ripeness grounds would serve the interests of judicial economy, permit the Executive Branch to carefully re-examine and resolve environmental issues related to communications towers and birds on a nationwide basis, and impose minimal hardship on the petitioners who are themselves participating in the nationwide rulemaking proceeding. See Ohio Forestry Ass’n, Inc. v. Sierra Club, 523 U.S. 726, 733-35, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998) (further administrative or judicial proceedings are not sufficient hardship to justify review in a case that would otherwise be unripe); AT&T Corp. v. FCC, 349 F.3d 692, 700 (D.C.Cir.2003) (“If the only hardship a claimant will endure as a result of delaying consideration of the disputed issue is the burden of having to engage in another suit, this will not suffice to overcome an agency’s challenge to ripeness.”) (internal quotation marks and alterations omitted); cf. Friends of Keeseville, 859 F.2d at 237 (petitioner’s present injury is less significant *1037 when judicial relief “is deferred but not denied”).
As a matter of prudence and judicial restraint, I therefore would dismiss this case as unripe. I respectfully dissent.[1]

. The majority opinion quotes the FCC's NEPA regulations, which have been in place for 20 years and were coordinated with the Council on Environmental Quality; these regulations require the Commission to prepare an EIS when a proposed action "will have” a significant environmental impact. Maj. Op. at 1033 (quoting 47 C.F.R. § 1.1314(a)); see also 47 C.F.R. § 1.1308(c). I do not interpret the majority opinion to suggest (much less hold) that the “will have” standard set forth in the FCC regulations is invalid. See generally Nat'l Audubon Soc.'y v. Hester, 801 F.2d 405, 407 (D.C.Cir.1986) ("will significantly affect”); Sierra Club v. Dep’t of Transp., 753 F.2d 120, 126 (D.C.Cir.1985) ("will significantly affect”); Sierra Club v. Peterson, 717 F.2d 1409, 1412 (D.C.Cir.1983) ("will significantly affect”); Cabinet Mountains Wilderness/Scotchman's Peak Grizzly Bears v. Peterson, 685 F.2d 678, 682 (D.C.Cir.1982) (EIS required "when significant environmental impacts will occur”); Envtl. Def. Fund, Inc. v. EPA, 489 F.2d 1247, 1255 (D.C.Cir.1973) ("will have a significant effect”).